YATES VS. SHEPARDSON.

APPEAL. (1) *Not valid, unless notice of, served on clerk of circuit court.* (2) *When notice of, not returned, will be dismissed.*

1. Causes can be brought by appeal to this court only in the manner prescribed by the statute (sec. 3, ch. 264 of 1860), which provides that a notice of appeal must be served on the adverse party, *and on the clerk* of the proper court; and rule 3 requires the clerk to return the notice of appeal with the record.

2. Where, therefore, the return of the clerk does not include any notice of appeal, nor any evidence that one had been served upon him, but contains a stipulation signed by the respective counsel, each admitting due service of a notice of appeal by the other party, from the judgment: *Held*, that no jurisdiction is shown in this court to review the judgment, and the appeal must be dismissed.

APPEAL from the Circuit Court for *Milwaukee* County.
*E. Mariner*, for appellant.
*Carpenter & Murphy*, for respondent.

LYON, J.  The clerk of the circuit court has not returned to this court any notice of appeal, or any evidence that such notice was served upon him.  The record seems to have been sent here on the strength of a stipulation signed by the attorneys of the respective parties, each admitting due service of a notice of appeal by the other party, from the judgment of the circuit court.

Causes can be brought by appeal to this court only in the

manner prescribed by statute (Laws of 1860, ch. 264, sec. 3), which provides that a notice of appeal must be served on the adverse party and on the clerk of the proper court. If such service be not made, it is manifest that there is no valid appeal, and that any attempt to appeal which omits such service, fails to reach and put in motion the appellate power of this court. Rule 3 requires the clerk to return the notice of appeal with the record, to this court. The plain object of this requirement is, that the court may see from the record that it has jurisdiction to review the judgment or order from which the appeal is taken. Moreover, the statute permits the parties to waive an undertaking on appeal, or a deposit in place thereof (Laws of 1864, ch. 260, sec. 21), but does not authorize them to waive notice of appeal.

It may be that the stipulation is sufficient evidence that a notice of appeal was duly served by each party upon the other; but it does not show service thereof upon the clerk, which is equally essential to a valid appeal. Indeed the return of the clerk raises a strong presumption that the stipulation was filed with him as a substitute for such notice. In *Best v. Young*, 6 Wis., 67, the appeal was dismissed for failure to comply with rule 3; and in *Webster v. Stadden*, 8 id., 225, it was held that the return of the record itself, on an appeal, could not be dispensed with, although the parties stipulated that a printed case should be taken as the record.

We must hold that the return fails to show that we have any jurisdiction to review the judgment of the circuit court, and must therefore dismiss the appeals.

*By the Court.*— Appeals dismissed.