Herrick and another vs. The Racine Warehouse and Dock Company.

HERRICK and another vs. THE RACINE WAREHOUSE AND DOCK COMPANY.

*Time for appealing.*

This court has jurisdiction of an appeal only when the return of the court below shows an appeal perfected within the time and in the manner prescribed by the statute; and such time cannot be enlarged by waiver, nor even by express consent of the parties.

APPEAL from the Circuit Court for *Milwaukee* County.

Judgment for the plaintiffs was rendered in this action June 4, 1875, and written notice thereof served on the 9th of the same month. A bill of exceptions was thereupon prepared by defendant's attorney, and delivered to plaintiffs' attorney; and it was agreed that the latter would prepare amendments thereto, and that the bill, when settled, should also be filed as the bill of exceptions in another action, by one Bentley against the same defendant, in which a like judgment had been entered. Plaintiffs' attorney retained the proposed bill of exceptions in his hands, without proposing amendments, until after notice given of the motion herein decided, to dismiss the appeal. Defendant's attorney (acting under an impression that the judgment was not entered until June 9, 1875) did not serve the usual notice of appeal, etc., until June 9, 1877. The appeal papers then served were retained by plaintiffs' attorney, without any objection then made. The clerk of the circuit court, after service on him of the appeal papers, returned the record to this court, no bill of exceptions being included therein. Defendant's attorney thereupon procured an order from a justice of this court, upon its clerk, to have the papers returned to the clerk of the court below, to be perfected; and they were so returned. In July, 1877, in pursuance of an order of plaintiffs' attorney, without the knowledge of defendant's attorney, the clerk again made return of the record, certifying that no bill of exceptions had been filed.

In November, 1877, plaintiffs moved this court to dismiss

the appeal, for the reason that it was taken after the time therefor had expired. The papers filed in support of the motion show the dates of the entry of judgment and service of notice of appeal on plaintiffs' attorney. The affidavit of defendant's attorney, in opposition to the motion, states the other facts above recited.

*James G. Jenkins*, for the motion. [No brief on file.]

*John W. Cary, contra,* argued, 1. That plaintiffs' attorney, by retaining the appeal papers without-objection, had *waived* his right to make this motion upon the ground assigned, and was estopped. To the general doctrine that irregularity in the service of a paper, or its service out of time, is waived by receiving and acting upon it, he cited *Georgia Lumber Co. v. Strong*, 3 How. Pr., 246; *McGown v. Leavenworth*, 2 E. D. Smith, 30, 31; *Sherman v. Gregory*, 42 How. Pr., 481; *Knickerbacker v. Loucks*, 3 id., 64; 1 id., 240; 2 id., 146; and to the point that this doctrine is applicable to notices of appeal, where the time of appealing is fixed by statute, and the notice not served in time, *Salles v. Butler*, 27 N. Y., 638; *Stevenson v. McNitt*, 27 How. Pr., 335; *Struver v. Ins. Co.*, 9 Abb. Pr., 23; *Pearson v. Lovejoy*, 53 Barb., 407 (35 How. Pr., 193–7); *People v. Erie C. P.*, 6 Wend., 549; *Stone v. Morgan*, 10 Paige, 615. 2. That the acts of plaintiffs' attorney, not only in delaying to make this motion for nearly six months after appeal taken, but still more in directing the clerk of the court below to send up the appeal papers, thus recognizing the appeal as existing, and proceeding under it, constituted a waiver and estoppel. 3. That this court had jurisdiction of the appeal, notwithstanding the failure to serve the papers within two years, because it has, by the constitution, general appellate jurisdiction, with power to review all judgments on appeal, so that, but for the statute limiting the time, it might review judgments on appeals taken at any time, and in such a case a respondent may waive the statutory limitation in his favor. *Jacobs v. Morange*, 1 Daly, 523.

Herrick and another vs. The Racine Warehouse and Dock Company.

RYAN, C. J. Section 9 of the appeal act limits the time of appeal from judgment to two years. And this court has no power to amend the statute by enlarging the time. *Van Steenwyck v. Miller*, 18 Wis., 320. If we had any discretion, we should assuredly exercise it in a case like this, where the right of appeal appears to have been lost by mere inadvertence. But, to give this court jurisdiction of an appeal, the return of the court below must show an appeal perfected within the time and in the manner prescribed by the statute. *Yates v. Shepardson*, 37 Wis., 315; *Eaton v. Supervisors*, 42 id., 317.

The learned counsel of the appellant cited several cases in New York, holding that respondents had waived the right of objecting that the appeal was taken too late. It is difficult to comprehend how a party can cure want of jurisdiction in the court to entertain a proceeding, by waiver. And there appears to us to be an unaccountable inconsistency in the cases in New York on the question. For it is there held that the courts possess no power, directly or indirectly, to enlarge time for appeal. *Humphrey v. Chamberlain*, 11 N. Y., 274; *Wait v. Van Allen*, 22 id., 319. It appears to follow that if a court cannot restore its own jurisdiction, lost by statutory limit, the parties cannot restore it by consent. For it is not jurisdiction of the person, but of the] proceeding. And we are unable to comprehend how that could be done by the implied consent of waiver, which cannot by express consent.

*By the Court.* — The appeal is dismissed.