SCHULTZ vs. COON.

*February 10 — March 2, 1881.*

*Contract or mere Receipt ?*

An instrument signed by C., after the date, states that C. "received" of S. certain trees, grape roots, etc., specifying the number and price of each kind, and the total value; and it was delivered by C. to S., who indorsed thereon payment of part of such aggregate value. *Held*, that it is not a *mere receipt*, but a contract of sale with acknowledgment of delivery, and it cannot be varied or explained by parol proof.

APPEAL from the Circuit Court for *Marquette* County.

Defendant appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

Schultz vs. Coon.

The cause was submitted for the appellant on the brief of *H. W. Lee.* He cited *Sheldon v. Peck,* 13 Barb., 317; *Colburn v. Lansing,* 46 id., 37; *Ensign v. Webster,* 1 Johns. Cas., 145; *McKinstry v. Pearsall,* 3 Johns., 319; *Woodman v. Clapp,* 21 Wis., 350; *Smith v. Schulenberg,* 34 id., 41; *Clifford v. Baessman,* 41 id., 597; *Ballston Spa Bank v. Marine Bank,* 16 id., 120.

For the respondent there was a brief by *J. Bowman,* his attorney, with *S. U. Pinney,* of counsel, and oral argument by *Mr. Pinney.* They cited *Dunn v. Hewitt,* 2 Denio, 637; *Terry v. Wheeler,* 25 N. Y., 521.

ORTON, J. This action was tried in the circuit court on appeal from a justice of the peace. The complaint was substantially for fruit trees and grape roots sold and delivered at the agreed price of $88.24. The answer admits the receipt of such fruit trees and grape roots, but alleges that they were received to be sold on commission, and that the defendant gave to the plaintiff at the time the following receipt: "OXFORD, May 2, 1877. *J. H. Coon* received of *J. F. Schultz* 749 two-year-old apple trees, at eight cents apiece, and 286 three-year-old, at nine cents apiece; 18 Concord grape roots, at six cents apiece; 9 Delawares, at ten cents apiece; 4 Rogers No. 15, at ten cents apiece; 2 Rogers No. 9, at ten cents apiece, also; amounting to, in all, $88.24; " — and it alleges that five dollars were indorsed thereon. The plaintiff introduced in evidence said receipt as the contract of sale, having indorsed thereon five dollars, and testified that such receipt was the memorandum of the sale made at the time, and that the defendant paid at the same time the five dollars which he (the plaintiff) indorsed thereon, and rested.

The execution of this receipt or memorandum was not in question, for it is admitted in the answer, so that the testimony of the plaintiff as to the signature to it of the defendant, and the testimony offered by the defendant and rejected,

by the court in respect to such signature, were immaterial. The defendant offered evidence tending to show that such receipt did not contain all of the contract in respect to the receipt by him of said property, and that said property was in fact so received to be sold on commission, and was not purchased by him at the price stated therein. This evidence was objected to on the ground that this instrument, so called a receipt, was a complete contract of sale, which could not be contradicted, varied or explained by parol evidence; and the objection was sustained by the court, and the defendant excepted. This presents really the only question in this case: Is this instrument such a contract? We think it is, and that the circuit court properly rejected such evidence.

If, instead of the word "received," the word *bought* had been used, to say that such an instrument, signed by the party to be charged, and accepted by the other party, was not a complete bill or contract of sale, would be mere caviling; and the word "received" in such an instrument, fixing specifically the price of each article and the sum total of the whole, has the same legal effect as the word "bought," with the additional acknowledgment of a delivery of the property. It is not a mere receipt, which, by the authorities, is open to explanation, but it has all the requisites of a contract of sale, without any ambiguity or uncertainty. If the defendant here were contending for the title of the property, it would certainly be sufficient evidence of his title to prove that the plaintiff took this receipt, and indorsed thereon five dollars as part payment (*Rice v. Cutler*, 17 Wis., 351); then why not sufficient evidence of a sale to enable the vendor to recover the purchase money? *Bacon v. Eccles*, 43 Wis., 227; *Wellauer v. Fellows*, 48 Wis., 105. The contract of sale may be in the form of a receipt, and, if it is complete as such, it stands on the footing of all other contracts in writing, and cannot be contradicted or varied by parol. 1 Greenl. on Ev., § 305; *Terry v. Wheeler*, 25 N. Y., 520; *Dunn v. Hewitt*, 2 Denio, 637. The

JANUARY TERM, 1881. 419

The Northwestern Mutual Life Ins. Co. vs. Drown and others, imp.

authorities cited by the learned counsel of the appellant are inapplicable, because relating to instruments in the form of receipts, wanting in some essential element to make them contracts of bargain and sale, such as the price or other terms of the bargain. Where the meaning of the instrument, as in this case, is plain and unquestionable, and the meaning is not that which the parties have agreed upon, or where there is no uncertainty in its legal effect, it cannot be contradicted or varied by parol evidence. 2 Parsons on Contracts, § 563. We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.