KELLY, Appellant, vs. OWEN, Respondent.

*April 30 — June 1, 1885.*

APPEAL TO S. C. *(1) Judgment when perfected: Failure to insert costs.*
APPEAL FROM J. P. *(2) Making and presentation of notice.*

63 351
87 166

1. If the prevailing party fails for sixty days after verdict to perfect the judgment by inserting the costs, the judgment becomes perfected without costs by virtue of the statute (ch. 202, Laws of 1882); and in such case the time within which an appeal may be taken begins to run at the end of the sixty days.
2. If the notice of an appeal from a justice's court is not signed by any person, and the return of the justice fails to show who presented the same to him, the appeal is ineffectual.

APPEAL from the Circuit Court for *Iowa* County.

The action is replevin, and was originally brought before a justice of the peace, who gave judgment for the plaintiff. The defendant attempted to appeal to the circuit court. The notice of appeal is not signed by any person, and the return of the justice fails to show who presented the same to him. The circuit court denied a motion of plaintiff to

dismiss the appeal because of the above defect in the notice. The cause was then tried in that court, and the trial resulted in a verdict and judgment for the defendant. Such judgment was entered October 6, 1882, but the amount of costs has never been inserted therein. The plaintiff appeals from the judgment of the circuit court. Such appeal was perfected November 20, 1884.

For the appellant there was a brief by *Reese & Carter*, and oral argument by *Mr. Carter*.

*J. M. Smith*, for the respondent.

Lyon, J. 1. A motion to dismiss the appeal was made *ore tenus* on the argument of the cause by counsel for defendant. The ground of the motion is that the appeal was not taken within two years from the date of entry of the judgment appealed from, as required by the statute. R. S. sec. 3039. Such judgment was entered October 6, 1882, and the appeal was not perfected until November 20, 1884. No amount of costs has ever been inserted therein. But for ch. 202, Laws of 1882, the judgment would not be perfected, and therefore not appealable, until the costs are inserted. *Smith v. Hart*, 44 Wis. 230, and cases cited in the opinion by Mr. Justice Orton; *Ballou v. C. & N. W. R. Co.* 53 Wis. 150. However, ch. 202 of 1882 changes the law in this respect. Under that statute, the prevailing party has sixty days after verdict in which to perfect his judgment. Failing to do so within that time, judgment goes upon the verdict, without costs to either party. The verdict in this case was rendered October 5, 1882. At the expiration of sixty days therefrom — that is, on December 4, 1882 — the defendant lost his right to insert the costs, and the judgment became perfected by force of the statute. Until then it was not appealable, and, manifestly, the time limited by statute for taking an appeal therefrom commenced to run at that time. We conclude, therefore, that

the appeal was taken in time, and must deny the motion to dismiss it.

2. We think the circuit court erred in denying the plaintiff's motion to dismiss the appeal from the judgment of the justice. The case in this respect is not distinguishable from that of *Evangelical L. St. P. G. v. Koehler*, 59 Wis. 650. All that is said in the opinion in that case is applicable here, and requires no repetition. Adhering, as we do, to the decision there made, we must hold that no effectual appeal was taken in this case from the judgment of the justice. This is fatal to the judgment, and it is unnecessary to consider the other errors assigned.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded with directions to that court to dismiss the appeal from the judgment of the justice.