McQuaid, Respondent, vs. Ross and another, Appellants.

*September 6 — October 14, 1890.*

*Sale of chattels: Warranty: Parol evidence.*

Upon the sale of a bull the vendor gave to the vendee a writing which, after setting forth the pedigree of the bull, stated: "I have this day sold the above-named bull . . . to [the vendee]. I hereby certify the above pedigree to be true." *Held,* that as this writing evidenced the sale and contained an express warranty not implied by law, parol evidence was inadmissible to show a further express warranty against sterility.

APPEAL from the Circuit Court for *La Fayette* County. The following statement of the case was prepared by Mr. Justice Taylor as a part of the opinion:

This action was brought to recover damages on a contract for the sale by the defendants to the plaintiff of a thoroughbred Durham bull. The plaintiff in his complaint, in the first count thereof, seeks to recover damages on an implied warranty that the bull was not sterile and incom-

McQuaid vs. Ross and another.

petent from latent defects to beget calves or generate his kind, and upon allegations that said bull was so sterile and incompetent, and so entirely worthless for the purposes for which he was bought by the plaintiff, by reason whereof the plaintiff had been greatly damaged.    In the second count of the plaintiff's complaint, he alleges that in consideration that the plaintiff would purchase said bull and pay the defendants therefor the sum of $125, the said " defendants warranted said bull to be of a superior pedigree, and to be in good condition, and fit and suitable for the purposes for which he was purchased by the plaintiff," and that, relying on such warranty, he purchased said bull and paid the defendants therefor the sum of $125, and that, after having fairly and sufficiently tested said bull, it was ascertained that he was sterile and entirely incompetent to beget calves, and worthless for the purpose for which he was purchased, and upon ascertaining that fact the plaintiff returned the said bull to the defendants, and demanded repayment of the sum paid to them for him, and reasonable damages, which the defendants refused to pay.

On the trial in the circuit court the learned circuit judge decided that the plaintiff could not recover upon the first cause of action, viz., upon an implied warranty that the bull was in all respects fit, suitable, and competent to perform the service for which he was purchased.    And as to the second count, or cause of action, which charged that the defendants expressly warranted the bull fit and suitable for the purposes for which he was purchased by the plaintiff, the learned circuit judge submitted the case to the jury upon the evidence, and the jury found in favor of the plaintiff, and assessed his damages at $192.35, being the purchase price and interest thereon.

On the trial the plaintiff introduced, as evidence of the sale to him of the bull and his purchase thereof, a writing signed by the defendants. This writing first stated at length

the pedigree of the said bull, and then closes as follows: "I have this day sold the above-named bull, 'Star of Fairview,' to *P. F. McQuaid*, of Darlington, Wis. I hereby certify the above pedigree to be true. Dated June 30, 1888. [Signed]   J. J. Ross & Sons." After the introduction of this contract of sale, the defendants objected to the introduction of any evidence on the part of the plaintiff as to what took place at the time of the sale, or before the sale, for the purpose of showing an express warranty of the bull, for the reason that " the written contract conclusively proves the final contract between the parties concerning the qualities of the animal, and that parol evidence is inadmissible to change, modify, or add to the same." This objection was overruled by the court, and the defendants duly excepted, and thereafter the court permitted the plaintiff to show by parol evidence all the conversations had between the parties while negotiating for the purchase and sale of said bull; and this evidence was allowed to be introduced by the plaintiff for the purpose of showing that the defendants, at and before the sale, warranted that said bull was fit, competent, and in every way suitable for the purposes for which he was purchased by the plaintiff.

The defendants appealed from the judgment in favor of the plaintiff.

For the appellants there was a brief by *Orton & Osborn* and *J. M. Smith*, and oral argument by *P. A. Orton*. To the point that where a sale is evidenced by a writing containing an express warranty not implied by law, other express warranties cannot be shown by parol, they cited, besides cases referred to in the opinion, 2 Benj. Sales, sec. 942, note 13; *Chanter v. Hopkins*, 4 Mees. & W. 399; *Whitmore v. South Boston Iron Co.* 2 Allen, 58; *Dutton v. Gerrish*, 9 Cush. 89; *Boardman v. Spooner*, 13 Allen, 361; *Frost v. Blanchard*, 97 Mass. 155; *Chandler v. Thompson*, 30 Fed. Rep. 46; *Ottawa B. & F. G. Co. v. Gunther*, 31 id. 210, and

cases cited; *Nichols v. Wyman*, 71 Iowa, 160; *Mast v. Pearce*, 58 id. 579; *Shepherd v. Gilroy*, 46 id. 193; *Boothby v. Scales*, 27 Wis. 632; *Collette v. Weed*, 68 id. 428.

For the respondent the cause was submitted on the brief of *Rose & Hooper*, attorneys, and *D. S. Rose*, of counsel. They contended, *inter.alia*, that the so-called bill of sale is not a bill of sale and was not considered such by the parties. It is simply a certificate of the bull's pedigree. It was not intended or considered by the parties as a warranty. It is a warranty neither of title nor soundness, and should not be held to preclude parol evidence of an express warranty of either of those elements which are alone susceptible of warranty. If held to be a warranty of pedigree, then it carries with it, by necessary implication, a warranty that the bull would breed.

TAYLOR, J. The learned circuit judge having ruled that the plaintiff could not recover upon the theory that there was an implied warranty by the defendants that the bull was fit and competent to accomplish the purpose for which he was purchased, the only other material questions arising on the record are: (1) Did the court err in permitting parol evidence to be given to prove an express warranty not contained in the written bill of sale? And (2) if such evidence was admissible, does the evidence sustain the verdict of the jury upon that question? As we have come to the conclusion that the court erred in admitting any parol evidence for the purpose of proving an express warranty in this case, the second question becomes immaterial.

This court, as well as nearly all other courts, has held that upon a sale of personal property which is evidenced by a written contract of sale, if such written contract contains any express warranty in regard to the thing sold other than such warranty as the law implies, no other express warranty can be proved by parol. The ground of

these decisions is that such parol evidence extends, contradicts, or modifies the written agreement, and is therefore inadmissible. The parties to the sale having put the evidence of sale in writing, and such writing having expressly warranted the thing sold in certain respects, the law presumes that no other express warranties were intended, and the courts will not receive parol evidence of other express warranty, because such evidence tends to change, enlarge, or modify the written contract between the parties.

In the case of *Merriam v. Field*, 24 Wis. 640, 642, the late learned Justice Paine says: "The plaintiff relied on a class of cases holding that although the bill of sale or other conveyance had been executed in writing, still when such paper did not profess or attempt to express the entire agreement between the parties, but was merely executed in part performance of it, the whole agreement might be shown, although part of it rested in parol. But the difficulty in applying this rule here is that the written bill of sale does contain express warranties in respect to one or two particulars, and, when that is the case, it can no longer be said that the writing does not attempt to express the contract between the parties so far as express warranties are concerned. The presumption then is that it expresses the whole contract as to such warranties, and to allow others to be shown by proving verbal statements at the time of the sale would be in violation of the old and salutary rule against varying and adding to written contracts by parol evidence."

The rule of this decision has been frequently followed in this court, especially in *Cooper v. Cleghorn*, 50 Wis. 113, 123; *Schultz v. Coon*, 51 Wis. 416; *Wiener v. Whipple*, 53 Wis. 298, 303. The rule of this court is fully sustained by the decisions of many other courts, as will be seen by referring to the authorities in the brief of the learned counsel for the appellants. This rule is modified by this court, as well as

by many other courts, in case of warranties contained in deeds conveying real estate. See *Green v. Batson*, 71 Wis. 54, and the cases cited in the opinion in that case. The reasons for the distinction are fully stated by Justice ORTON in the case cited.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.