HALL, Appellant, vs. GILMAN, Assignee, Respondent.

*May 18 — June 20, 1895.*

*Appeal: Extension of time by consent: Jurisdiction.*

The time within which an appeal may be taken from an order, as limited by sec. 3042, R. S., cannot be extended by consent of the parties.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Dismissed.*

The Reliance Wire & Iron Works made an assignment for the benefit of its creditors to *J. H. Gilman,* the respondent. Previous to the assignment it had borrowed money of the Commercial Bank. The appellant, *F. A. Hall,* indorsed its notes, and deposited his personal securities as collateral to his indorsement. The bank recovered judgment against *Hall,* which is unpaid. *Hall* filed a claim against the assignor, in the assignment matter, in the nature of a contingent claim, based on his liability as an indorser. Motion to strike out and expunge from the record such claim was

Hall vs. Gilman.

granted. The order was made on the 9th day of June, 1894. A copy of the order, with written notice of its entry, was served on the appellant on June 11, 1894. The notice of appeal from the order was served July 25, 1894. There was a stipulation between the attorneys of the respective parties to extend the time for serving the notice of appeal.

*Geo. E. Sutherland,* for the appellant.

For the respondent there was a brief by *Burke, Robinson & Geiger,* and oral argument by *N. S. Robinson.*

NEWMAN, J. The time within which an appeal from an order may be taken is limited to thirty days from the date of the service of a copy of the order, with a written notice of its entry. R. S. sec. 3042. Jurisdiction can be conferred upon this court only by an appeal taken within the time and in the manner provided by law. Jurisdiction upon appeal is jurisdiction of subject matter. It is conferred by compliance with the law regulating appeals, and cannot be conferred by consent. So, the time within which an appeal is authorized cannot be extended by consent of the parties; nor has the court power to enlarge the time for taking an appeal. R. S. sec. 2831; *Herrick v. Racine W. & D. Co.* 43 Wis. 93; *Palmer v. Peterson,* 46 Wis. 401. No doubt the time within which an appeal may be taken from an order is, in a certain sense, within the power of the party in whose favor the order is. He has an option when, or whether, he will set the statute to running by service of the notice. But, having exercised his option, and the time having once commenced to run, he has no further power over it. The law then determines it. The time is determined absolutely by the service of the notice. *Leadbetter v. Laird,* 45 Wis. 522; *Sambs v. Stein,* 53 Wis. 569.

*By the Court.*— The appeal is dismissed.