Munk and wife, Respondents, vs. Anderson and wife, Appellants.

*September 4 — September 22, 1896.*

*Appeal: Time for perfecting.*

Unless the record shows that an appeal was perfected within the time and in the manner prescribed by secs. 3039, 3049, R. S., this court has no jurisdiction to entertain it.

Appeal from a judgment of the county court of Winnebago county: C. D. Cleveland, Judge. *Appeal dismissed.*

Action to revive and foreclose a mortgage, and for other equitable relief. The facts necessary to an understanding of this appeal are stated in the opinion.

*Byron S. Sanders,* for the appellants.

For the respondents there was a brief by *Wesley Mott* and *Henry Fitzgibbon,* and oral argument by *Mr. Mott.*

Marshall, J. The judgment appealed from was duly perfected on the 5th day of September, 1892. Notice of the entry of such judgment was served on appellants' attorneys on the 8th day of September, 1892. Notice of the appeal was served on respondents' attorneys on the 16th day of August, 1894. The undertaking for costs was served on the 16th day of December, 1894, more than two years after the

entry of judgment. No deposit of money was made in lieu of such undertaking, nor was there any waiver, in any way, of such undertaking or deposit. Such being the record, the respondents' attorneys moved the court to dismiss the appeal for want of jurisdiction of the court to entertain it.

The motion to dismiss must be granted. Sec. 3049, R. S., provides that: "An appeal must be taken by serving a notice, in writing, signed by the appellant or his attorney, on the adverse party, and on the clerk of the court, in which the judgment or order appealed from is entered. . . . The appeal shall be deemed taken by the service of the notice of appeal, and perfected on service of the undertaking for costs, or the deposit of money instead, or the waiver thereof, as hereinafter prescribed." Sec. 3051 provides that such waiver may be made in writing. Under sec. 3039, R. S., the time limited for taking the appeal is two years from the entry of judgment (*Parker v. McAvoy*, 36 Wis. 322), and such time cannot be extended in any manner. Hence, unless the record shows the appeal perfected within the time and in the manner so provided, this court cannot obtain any jurisdiction to entertain it. *Herrick v Racine W. & D. Co.* 43 Wis. 93.

*By the Court.*— The appeal is dismissed.