HAESSLY and wife, Respondents, vs. SECOR, Appellant.

*April 17—May 8, 1908.*

*Perfecting appeal: Time for serving undertaking*

1. If an appeal be not perfected within the time provided by statute this court acquires no jurisdiction.
2. To perfect an appeal directly from an order, the undertaking for costs required by sec. 3052, Stats. (1898), must be served within thirty days from the date of service of notice of entry of such order.

APPEAL from an order of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Dismissed*

*George H. Kelly,* for the appellant.

For the respondents there was a brief by *Cady & Strehlow,* and oral argument by *Max H. Strehlow.*

KERWIN, J.    This is an appeal from an order overruling a demurrer to the plaintiffs' amended complaint. Notice of entry of the order was duly given September 11, 1907; September 28, 1907, notice of appeal was served, and on October

17th undertaking for costs on appeal served. It thus appears from the record that the appeal was not perfected within thirty days from notice of entry of order appealed from. It is well settled that the time within which an appeal may be taken cannot be extended, and if the appeal be not taken within the time provided by statute this court acquires no jurisdiction. *Hall v. Gilman,* 90 Wis. 455, 63 N. W. 1044; *Munk v. Anderson,* 94 Wis. 27, 68 N. W. 407; *Herrick v. Racine W. H. & D. Co.* 43 Wis. 93. A motion was made in this court to dismiss the appeal, and the question arises whether the appeal was taken within the time provided by statute. It is insisted by appellant that the appeal was taken within the time prescribed by statute by service of notice of appeal, and that the undertaking could be given to perfect the appeal after the expiration of thirty days. Counsel for appellant relies upon *Oconto L. Co. v. Mosling,* 122 Wis. 440, 100 N. W. 824. But in that case it will be seen that an undertaking was served within thirty days, together with notice of appeal from the order. The undertaking, however, did not comply with the order of the court for stay of proceedings, but it does not appear that it was not sufficient under secs. 3049, 3052, Stats. (1898), to perfect the appeal. The case, therefore, is not applicable to the question before us on this appeal.

Sec. 3039, Stats. (1898), provides that the time within which an appeal may be taken from a judgment is limited to two years, and sec. 3042 provides that the time within which an appeal may be taken directly from an order is further limited to thirty days. Sec. 3052 provides, in effect, that to render an appeal effectual for any purpose an undertaking must be executed on the part of the appellant, etc., and sec. 3049 provides that the appeal shall be perfected on the service of an undertaking for costs. It will be seen by an examination of the statutes respecting appeals that the requirements in regard to notice and perfecting appeals are the

same in case of appeals from orders as from judgments. In *Munk v. Anderson*, 94 Wis. 27, 68 N. W. 407, it was held that where the appeal from a judgment was not perfected within two years by giving the undertaking for costs, the appeal must be dismissed. That case rules the instant case, and the appeal must therefore be dismissed.

*By the Court.*—The appeal is dismissed.