ADY, Appellant, vs. BARNETT, Respondent.

*February 1—February 22, 1910.*

*Contracts: Sales: Written order for goods: Ambiguity: Evidence of prior oral agreements: Trial: Abandoning cause of action: Foreign corporations: Doing business in this state: Interstate commerce: Appeal: Undertaking: Surety companies.*

1. Ambiguity in a written order for goods, due to failure to state the name of the party from whom they are ordered, is removed by the filling of the order by the company whose agent received

Ady v. Barnett, 142 Wis. 18.

it, the sending of an invoice corresponding therewith to the purchaser, and his acceptance of the goods.

2. A written order for goods, specifying prices and terms of payment, coupled with acceptance thereof, constituted a written contract, and in the absence of fraud or mutual mistake its terms cannot be varied by proof of a prior or contemporaneous oral agreement by the vendor's agent that the purchaser need pay for only so much of the goods as he might sell and that the unsold portion might be returned at any time.

3. A plaintiff should be permitted to abandon a separate cause of action stated in his complaint if no one is prejudiced by his doing so.

4. If, in an action upon a written order for goods, plaintiff states a separate cause of action based upon alleged oral agreements made at the same time, but abandons it at the trial because satisfied that he could prove it only by incompetent evidence, such conduct gives defendant no right to establish a defense to the cause of action on the written order by evidence of other contemporaneous oral agreements.

5. A shipment of goods from another state to a purchaser in this state by a foreign corporation pursuant to an order therefor taken by its agent in this state, constitutes interstate commerce, the soliciting of the order being part of the entire transaction, and sec. 1770*b*, Stats. (1898), is not applicable.

6. Where an undertaking on appeal is executed by a foreign corporation and is not accompanied by the certificate of authority, or certified copy thereof, which by sec. 1966—34, Stats. (1898), is made equivalent to the justification required of sureties by law, the appellant may properly be allowed to supply such certificate or copy and thus perfect the undertaking, even after the time for taking an appeal has expired.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Two causes of action are stated in the complaint. When the case was called for trial plaintiff gave notice that he had entirely abandoned the second cause of action and would make no claim for recovery thereon. The first cause of action was brought to recover the amount of an invoice of goods shipped by the National Medical Company, an Iowa corporation, to the defendant, and amounting to $36.75. The order

was taken by one Pike, a traveling salesman for the National Medical Company, and is as follows:

| Order No. | 8 | June 30, 1906 |
|---|---|---|
| M. | Wm. Barnett | |
| Ship to | La Valle, Wis. | |
| A | | |
| How Ship | C. & N. W. | When    at once |
| Terms: | Aug. 1, 90 days. | |

| | | |
|---|---|---|
| 12 pints Liquid Koal | | $8.00 |
| 6½ Gal.    "    " | | 7.00 |
| 3 Gal.    "    " | | 6.00 |
| 24 Pts. Lice Killer | | 5.00 |
| 6½ Gal.    "    " | | 2.25 |
| 10 Gal. Dip | | 6.50 |
| 6 Sprays | | 2.00 |
| 25 Pints Liquid Koal free | | |
| 10 Pints Dip    " | | |
| 1 Pair Blankets    " | | |
| Statements 250    " | | |
| Envelopes 250    " | | |
| L. K. books & Eveory them in Ad'v matter. | | |

[Signed]    WM. BARNETT.

The National Medical Company, shortly after the receipt of the order, accepted the same and shipped the goods described therein, and forwarded to the defendant a bill for the amount of such goods under date of July 2, 1906, and, under date of July 3, 1906, wrote defendant as to the superiority of the goods over others of a like character. The defendant received the goods and placed the same in his store and allowed them to remain therein for some considerable length of time, apparently without making any sales. On November 5th the National Medical Company wrote defendant demanding payment. Under date of November 9th the National Medical Company notified defendant that it had made a draft on him for the amount of the bill. Some time thereafter the defendant returned the goods to the vendor.

The defendant interposed two defenses to the claim sued on: (1) That the goods were purchased with the understanding that they were not to be paid for until sold, and that the defendant should have the right to return the whole or any

part thereof at any time that he desired. (2) That the National Medical Company is a foreign corporation and failed to file its articles of incorporation with the secretary of state, as required by sec. 1770*b*, Stats. (1898), and therefore could not recover on the account sued on. The plaintiff brought suit as the assignee of the National Medical Company. The court submitted the following question to the jury: "*Q*. Did Mr. Pike have authority to bind the National Medical Company by agreements not incorporated in the written order?" To which the jury answered "Yes."

On this verdict judgment was entered for the defendant dismissing the complaint, from which judgment this appeal is taken.

For the appellant there was a brief by *Bentley & Kelley,* and oral argument by *F. R. Bentley.*

*James A. Stone,* for the respondent.

BARNES, J. There is no ambiguity about the order except that it fails to state the name of the party from whom the goods were ordered. The order was filled by the National Medical Company and an invoice of the goods corresponding therewith was mailed to defendant and he accepted the goods and placed them on his shelves for sale, so that the ambiguity referred to was removed by the parties themselves.

The order in question, coupled with the acceptance thereof, constituted a written contract. *Schultz v. Coon,* 51 Wis. 416, 8 N. W. 285; *Wiener v. Whipple,* 53 Wis. 298, 10 N. W. 433; *McQuaid v. Ross,* 77 Wis. 470, 46 N. W. 892. By such contract the defendant agreed to pay the purchase price of the goods listed therein within ninety days from August 1, 1906. The defendant seeks to relieve himself from liability by showing a parol agreement with the agent who took the order, to the effect that defendant should be called upon to pay for only so much of the goods as he sold, and that he might return the unsold portion thereof at any time. The

agreement was made, if at all, prior to the signing of the order. Stated in another way, the attempt is made to establish by parol a commission contract in lieu of the one of absolute sale found in the writing. It is important to the business world that written contracts should have stability. If, in a case such as we have before us, without any attempt at reformation, a party may avoid the effect of the writing by showing that the making of the payment called for by the writing was contingent upon the sale of the goods, it is difficult to imagine a case where a written agreement would furnish any protection against evidence of contemporaneous parol agreements materially modifying the same. It is elementary law in this state that, in the absence of fraud or mutual mistake, proof of antecedent or contemporaneous verbal agreements between the contracting parties cannot be received to alter or control their written agreement. A large number of the cases so holding are cited in *Jackowski v. Ill. S. Co.* 103 Wis. 448, 454, 79 N. W. 757. The defendant does not claim that he did not read the order before signing or that he did not understand its contents or its legal effect. He simply asserts that he relied on the agreement of the agent that the provision as to payment would not be enforced unless he succeeded in selling the goods ordered. Defendant's counsel stated to the court, in support of his right to offer the evidence, that it was not offered to vary the terms of the written contract, but to prove other conditions to the contract not contained in the writing. The evidence, under the circumstances of this case, was just as improper for the purpose of adding to the contract as it was for the purpose of modifying it, but as a matter of fact it did modify the writing by substituting for the provision as to payment contained therein an entirely different provision. There are certain well-recognized exceptions to the general rule above stated, but we fail to see wherein the defendant has brought himself within any of those exceptions.

It is further urged that plaintiff pleaded a second cause of action in his complaint, which was based on alleged parol agreements between the defendant and the agent who took the order, and that inasmuch as the plaintiff showed by his pleading that the entire contract was not contained in the writing he should not now be heard to assert the contrary. At the opening of the trial the plaintiff announced in open court that he abandoned his second cause of action and would make no claim thereunder. It does not appear that the defendant was misled to his detriment by such action or that the essential elements necessary to constitute an estoppel exist. It is true that there is a rule of law which prevents a party from taking inconsistent positions in court. But where no wrong would be done to the court or to other parties by permitting a change of position, such change should on principle be allowed. *Green Bay & M. C. Co. v. Hewitt,* 62 Wis. 316, 327, 21 N. W. 216, 22 N. W. 588; Bigelow, Estoppel, 722, 723. If the plaintiff became satisfied that he could prove a cause of action set out in his complaint, by the introduction of incompetent evidence only, and therefore abandoned it, such conduct would not confer on the defendant the right to establish a defense to another cause of action by the introduction of improper evidence.

The respondent further contends that no recovery can be had because the plaintiff's assignor, the National Medical Company, was a foreign corporation and had not complied with the provisions of sec. 1770*b*, Stats. (1898), when the contract was made. The order was procured by an agent representing the corporation and was forwarded to it and filled, and the goods called for by the order were shipped from the vendor in Iowa to the vendee in Wisconsin. Transactions involving a physical transfer of merchandise from the possession and title of an owner in one state to the possession and ownership of a purchaser in another are interstate. The soliciting of the order for such goods is but an inherent

part of the transaction, and the transaction in its entirety constitutes interstate commerce, to which sec. 1770*b*, Stats. (1898), has no application.   *Loverin & B. Co. v. Travis,* 135 Wis. 322, 115 N. W. 829; *Elwell v. Adder M. Co.* 136 Wis. 82, 116 N. W. 882.

The notice of entry of judgment in this case was served on November 1, 1907.   The notice of appeal, together with an undertaking thereon, was served on October 29, 1909.   The undertaking was executed by the United States Fidelity & Guaranty Company, a foreign corporation, and was not accompanied with any certificate from the commissioner of insurance showing that it was authorized to transact the business of suretyship in Wisconsin at the time the undertaking was signed.   On January 24, 1910, the respondent served on the attorneys for the appellant a notice of motion to dismiss the appeal because no sufficient undertaking was given or filed on said appeal.   Such motion was heard at the time the case was orally argued, and upon such argument the appellant was permitted to file a certified copy of a certificate of authority issued to the surety and authorizing it to transact a surety business in the state of Wisconsin from March 4, 1909, to March 1, 1910.

Sec. 3052, Stats. (1898), requires the execution of an undertaking for costs by two sureties in order to render an appeal effectual for any purpose.   Sec. 3065, Stats. (1898), provides that such undertaking shall be of no effect unless the sureties justify in a manner provided therein.   Sec. 1966—33, Stats. (1898), empowers surety companies authorized to do business in Wisconsin to execute undertakings like the one in question.   Sec. 1966—34, Stats. (1898), provides, among other things, that the certificate of the insurance commissioner, or a certified copy thereof, as to the authority of the surety company to transact business, shall be equivalent to the justification required of sureties by law.   In *Johnston v. Northwestern L. S. Ins. Co.* 107 Wis. 337, 83 N. W. 641.

this court held that an undertaking by a surety company, which was not accompanied by a certificate of authority to transact business in this state, or a duly certified copy thereof, was defective. It has been held under the statutes referred to that a service of a notice of appeal within the time limited by law that is not accompanied by any undertaking is not effective for any purpose, and that an undertaking could not be supplied after the time had expired within which the appeal might be taken. *Munk v. Anderson,* 94 Wis. 27, 68 N. W. 407; *Haessly v. Secor,* 135 Wis. 548, 116 N. W. 175. On the contrary, it has been held that undertakings upon appeal which are defective because of imperfect justification of the sureties may be perfected in this court. *Helden v. Helden,* 9 Wis. 557; *Smith v. C. & N. W. R. Co.* 19 Wis. 89; *Ulrich v. Farrington Mfg. Co.* 69 Wis. 213, 214, 34 N. W. 89; *Johnston v. Northwestern L. S. Ins. Co., supra; Oconto L. Co. v. Mosling,* 122 Wis. 440, 100 N. W. 824; *Haessly v. Secor, supra.* The certificate which was here lacking furnished evidence of the authority of the surety company to sign the undertaking, and was by the statute made equivalent to the justification of sureties as required by law. Sec. 1966—34, Stats. (1898).

We conclude that under the decisions cited the appellant might properly be allowed to supply the certificate in question even after the time had expired within which to take the appeal.

*By the Court.*—The motion to dismiss the appeal is denied with $10 costs in favor of the respondent, the same to be offset against the costs taxed in favor of the appellant. The judgment appealed from is reversed, and the cause is remanded with directions to enter judgment on the verdict in favor of the plaintiff and against the defendant for the amount due upon the first cause of action stated in the complaint.