LIESNER and another, by next friend, Respondents, vs. WANIE, Appellant.

*January 15—February 3, 1914.*

*Appeal: When "taken" within time limited: Wild animals: When become property.*

1. Where, within the time limited by sec. 3039, Stats., notice of appeal was duly served as provided in sec. 3049 and a copy of the undertaking upon appeal was served on the adverse party, the appeal was "taken," within the meaning of said sec. 3039, although the undertaking was not filed with the clerk of the trial court within said time.
2. When a wild animal is brought under the control of a person so that actual possession is practically inevitable, a vested property interest in it accrues which cannot be divested by another's intervening and killing it.
3. Upon the evidence in an action to recover the body of a wolf a verdict for plaintiff was properly directed under the foregoing rule.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge.  *Affirmed*.

Action to· recover the body of a wolf said to have been mortally wounded by plaintiffs and reduced to possession thereafter by defendant.  The evidence, as viewed by the trial court, was to this effect: Plaintiffs mortally wounded the wolf and had so followed up their attack on the animal as to substantially have it in their possession.  They had it where and in such condition and circumstances that escape was improbable, if not impossible.  Then defendant came upon the scene and interfered by delivering a shot which finally ended the animal's life.  He took the body as his property and retained it to the damage of plaintiffs.  The sum recoverable, in case of defendant being liable, was not in serious dispute.  The court directed a verdict against him and judgment was rendered thereon.

The notice of appeal to this court, though served within the time provided by statute, was not filed with the clerk of the circuit court until some days after expiration of the two years following the date of the judgment.

*P. J. Winter,* for the appellant.

For the respondents the cause was submitted on the brief of *Eberlein & Eberlein.*

MARSHALL, J.   Respondents' counsel suggest the question of whether jurisdiction of the cause here is wanting because of failure to take the appeal within the two years limited therefor by serving the proper notice on the clerk of the circuit court, together with a proper undertaking and also filing the same with such clerk within such time.

The language of the section relied on is this:

"The time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any judgment or order in any civil action or special proceeding in a court of record, is limited to two years from the date of the entry of such judgment or order."   Sec. 3039, Stats. 1911.

It is significant that the period of limitation is subject to be interrupted by the *taking of an appeal.* Therefore, as an original proposition, if that event happened within the two years after the entry of judgment, jurisdiction was acquired for some purposes, though for the final one of hearing and determination, other things were required. *Harrigan v. Gilchrist,* 121 Wis. 127, 213, 99 N. W. 909.

It is conceded that the notice of appeal was properly served, or if not conceded we hold such to be the fact, within the limitation period, but neither such notice nor the undertaking was filed with the clerk of the circuit court until after such period. Is an appeal taken, within the meaning of the limitation statute, before being perfected so as to afford this court jurisdiction for all purposes, subject to the arrival here of the record?

It is significant that sec. 3049, Stats. 1911, treats of the taking of an appeal as one thing and perfection of it as another. This is the language:

"Any appeal shall be deemed taken by the service of a notice of appeal, and perfected on the service of the undertaking for costs," etc.

It should be said, in this connection, that the undertaking as well as the notice of appeal were duly served, within the limitation period, though not filed so as to require the clerk of the circuit court to transmit the record, until after its expiration.

From the significance attributable, reasonably, to the fact, as indicated, that the taking of an appeal is spoken of as one thing and perfecting of it as another, it might well be said that the language, "Any appeal shall be deemed taken" in sec. 3049, refers to the words of the limitation statute, "The time within which a writ of error may be issued or an appeal taken," rendering certain the point of time when the running of the period of limitation is to be deemed in-

terrupted.    That is, that the language in sec. 3049 should
be read as a proviso to sec. 3039, thus:

"The time within which . . . an appeal may be
taken . . . is limited to two years from the date of the entry
of such judgment or order;" provided, any appeal shall be
deemed taken by the service of a notice of appeal.   So, look-
ing at the statute in its letter only, the serving of a notice
of appeal stops the running of the statute, but the court has
held that both the taking and perfecting of the appeal must
occur to have that effect.   *Yates v. Shepardson,* 37 Wis.
315; *Eaton v. Manitowoc Co.* 42 Wis. 317; *Munk v. Ander-
son,* 94 Wis. 27, 68 N. W. 407; *Haessly v. Secor,* 135 Wis.
548, 116 N. W. 175; *Ady v. Barnett,* 142 Wis. 18, 124 N.
W. 1061.   Whether the court would go that far now, since
not required to by the letter of the statute, if it had to deal
with the matter as an original proposition, may be doubted
in view of the analysis of the statute and liberal construc-
tion thereof to preserve the appeal remedy in *Harrigan v.
Gilchrist,* 121 Wis. 127, 99 N. W. 909.

There are expressions to be found, particularly in *Hueb-
ner v. Koebke,* 42 Wis. 319, indicating that the papers must
actually be placed on file with the clerk of the circuit court
to interrupt the running of the statute; but not in any case
where the question was up for decision, nor in any such way
as to indicate there was a considerate purpose to lay down a
rule on the subject.   It is considered, now, that the words
of the statute, in their literal sense, except so far as hereto-
fore firmly departed from, should be followed.   So proceed-
ing, the restrictive effect of the statute must be held not, in
any event, to go further than to require perfecting of the
appeal within the limitation period by service of the notice
of appeal upon the adverse party and upon the clerk of the
court in which the judgment or order appealed from was
rendered, and service of a copy of the undertaking on the

adverse party.    The rigorous character of the early decisions on this subject, has been very much softened in recent years, as particularly indicated in *Harrigan v. Gilchrist.*   In *Ady v. Barnett, supra,* the court held that a vitally defective undertaking could be perfected even after the limitation period; thus dealing with the service of the notice of appeal as sufficient to give this court jurisdiction to take and retain the cause for final disposition, only waiting upon the due perfection of the appeal, evidenced by the record.    It follows that the objection to jurisdiction must be overruled.

It is conceded that if the plaintiffs had substantially permanently deprived the wolf of his liberty,—had him so in their power that escape was highly improbable, if not impossible, before defendant appeared on the scene and with his gun pointed so as to reach within some three feet of the animal delivered a finishing shot, it had become the property of plaintiffs and was wrongfully appropriated by appellant. Such is according to the prevailing rule.    The instant a wild animal is brought under the control of a person so that actual possession is practically inevitable, a vested property interest in it accrues which cannot be divested by another's intervening and killing it.    Ingham, Law of Animals, 5. Such is the law of the chase by common-law principles, differing from the more ancient civil law which postponed the point of vested interest to that of actual taking.

The evidence in this case very strongly tends to establish all the facts requisite to ownership of the wolf by plaintiffs,—so strongly that all reasonable doubts in respect to the matter, if any would otherwise have remained, might well have been removed by the superior advantages which the trial court had.    In the light of other evidence, all reasonable doubts may well have been removed as to who delivered the shot which so crippled the animal as to cause him to cease trying to escape, thus permitting appellant to substan-

tially reach it with the muzzle of his gun at the instant of delivery of the finishing·shot. That, at such instant, the plaintiffs were in vigorous pursuit of the game, the evidence is clear, and that in a few moments, at most, they would have had actual possession, is quite as clear. So we must hold that the verdict was properly directed and the judgment properly rendered thereon.

*By the Court.*—The judgment is affirmed.