RICHTER, Appellant, vs. LUKASZEWICZ, Respondent.

*March 6—April 2, 1919.*

*Appeal from Milwaukee civil court: Time for making return: Supplemental return: Statutes to be liberally construed: When complete return impossible: When appeal may be taken.*

1. Sec. 3763, Stats. (relating to justices' courts, but applicable also to the Milwaukee civil court), providing that upon an appeal the return of the testimony, proceedings, etc., to the appellate court shall be made after ten days and within thirty days after the appeal shall have been perfected, is directory only, and the return may be made after said thirty days.

2. If such return be defective the appellate court may, in its discretion, direct a supplemental return to be made.

3. Where the appealing party has done all within his power, the appellate court will afford him an opportunity to perfect his appeal rather than dismiss it, the statutes in such case being liberally construed in order to preserve the remedy by appeal.

4. Where the clerk of the Milwaukee civil court was unable to make a return upon appeal as provided in sec. 3763, Stats., because the stenographer who took the testimony had entered the military service of the United States and no one had been found who could read his notes and transcribe the testimony, the appellate court, instead of dismissing the appeal, should have directed said clerk to make a return of the record as it then was, certifying the reasons why it was incomplete, and should then have held the case until a transcript of the testimony could be furnished or some other disposition made.

5. A judgment of the Milwaukee civil court which provides for costs, to be effective so that it may be the subject of an appeal, must be perfected by the taxation and insertion of such costs or by the expiration of the period of sixty days under sec. 2894a, Stats., within which costs may be taxed and inserted.

6. Thus where an order for judgment in defendant's favor was signed on June 19th and on August 20th defendant attempted to tax his costs, but such taxation was disallowed, apparently because more than sixty days had elapsed, a notice of appeal from said judgment filed on September 7th was within the time limited for the taking of an appeal.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Reversed.*

On March 29, 1917, in an action in the civil court involving, apparently, more than $200 in both complaint and counterclaim, a verdict was found in defendant's favor upon his counterclaim, for $64.06 damages. On May 28th judgment on the verdict in favor of defendant was ordered, and on June 19th the judge signed an order for such judgment and apparently judgment was then entered. August 20th an attempt was made by defendant to tax costs, and such taxation was disallowed, apparently because at a time more than sixty days after June 19th. On September 7th an appeal to the circuit court in the usual form was taken by plaintiff, who then paid to the clerk of the civil court the required fees, together with a deposit to apply on payment for the testimony when transcribed.

No return was made by the clerk of the civil court, and on August 5, 1918, upon motion by defendant the plaintiff's appeal was dismissed. From such order the plaintiff has appealed.

*W. C. Seefeld* of Milwaukee, for the appellant.

For the respondent there was a brief by *A. B. Rosenthal* and *Churchill, Bennett & Churchill,* all of Milwaukee, and oral argument by *Mr. Rosenthal.*

ESCHWEILER, J.    It appears from the affidavits filed in the circuit court by the respective attorneys, together with that of the clerk of the civil court, that the reporter who took the testimony had been a member of the Wisconsin National Guard and some time prior to September 7th had been called to service in the army of the United States; that efforts had been made by such clerk and the judge of the civil court to have such reporter released from such service sufficiently long to write out the transcript of the testimony in this and other cases, but that such efforts were unavailing; that it had not been possible to find any person sufficiently familiar with the notes of such absent reporter to transcribe them, and for the only reason that such notes had not been transcribed the clerk had not complied with the provisions of sec. 3763, Stats., which require him, after ten days and within thirty days after the perfecting of such appeal, to make his return, which shall include the testimony, to the appellate court.

Under this section it is also provided that if a return be defective the appellate court may direct further or amended returns.

This statute has been held directory and not mandatory, and such a return can be made after the time therein designated.    *Norden v. Jones,* 33 Wis. 600, 603.    The requiring of a supplemental return rests in the sound discretion of the appellate court.    *Crate v. Pettepher,* 112 Wis. 252, 254, 87 N. W. 1104.

We see no reason why the same rule should not apply to the appeal in this case as has heretofore been held in appeals from other courts, namely, that where the appealing party has done all that is within his power the appellate court will afford him an opportunity to perfect that appeal rather than dismiss it.    *Hanley v. Kraftczyk,* 119 Wis. 352, 357, 96 N. W. 820; *Oconto L. Co. v. Mosling,* 122 Wis. 440, 444, 100 N. W. 824.

A liberal construction should be given to such statutes in order to preserve the remedy of appeal. *Liesner v. Wanie,* 156 Wis. 16, 19, 145 N. W. 374.

The circuit court, therefore, instead of dismissing the appeal should rather have directed a return to be made by the clerk of the civil court of the record as it then was, certifying the reasons why the same was incomplete, and then upon such return being filed the circuit court could, in a reasonable exercise of discretion, hold the case until such transcript could be furnished or some other disposition made.

The respondent presents here as a ground why the appeal was properly dismissed a reason not suggested in the court below and to the effect that the judgment of the civil court must be considered as entered on June 19th, when an order for such judgment was made, and on which day, according to the affidavit of defendant's counsel, "judgment was entered in favor of defendant and against plaintiff," and that therefore, more than sixty days, even, having elapsed between that time and September 7th, when the appeal was taken, such appeal was too late and futile.

A judgment which provides for costs, to be effective so that it may be the subject of an appeal, must be perfected by the taxation and insertion of such costs or by the expiration of the period of sixty days under sec. 2894*a,* Stats., within which costs may be taxed and inserted. Until such period arrives an appeal from the civil court cannot properly be taken. *Moudry v. Patrick Cudahy F. Co.* 164 Wis. 510, 159 N. W. 750. See, also, *Wheeler v. Russell,* 93 Wis. 135, 139, 67 N. W. 43; *Joint School Dist. v. Kemen,* 68 Wis. 246, 247, 32 N. W. 42; *Kelly v. Owen,* 63 Wis. 351, 352, 23 N. W. 583.

*By the Court.*—Order reversed.

Kerwin and Rosenberry, JJ., took no part.