WENZEL & HENOCH CONSTRUCTION COMPANY, Appellant, vs. TOWN OF WAUWATOSA, Respondent.

*September 17—October 12, 1937.*

*Albert A. Mayer* of Milwaukee, for the appellant.
*Herbert L. Wible* of Wauwatosa, for the respondent.

FOWLER, J. Judgment of dismissal was entered on the merits. Notice of appeal was duly served upon the defendant and upon the clerk of the trial court. A bond for appeal in due form was duly filed with the notice of appeal in the office of the said clerk, and transmitted with the notice of appeal to this court. No copy of the appeal bond was ever served upon the defendant. The defendant moved to dismiss the appeal for failure of the plaintiff to serve a copy of the bond. On the hearing of this motion the plaintiff contended that serving a copy of the bond was unnecessary to perfect the appeal, but moved the court under sec. 274.32, Stats., for permission to serve the copy in case the court should hold such service necessary. The time for appeal had expired when notice of the motion to dismiss the appeal was served upon plaintiff.

The respondent claims that its motion is ruled by *Munk v. Anderson,* 94 Wis. 27, 68 N. W. 407, and *Haessly v. Secor,* 135 Wis. 548, 116 N. W. 175. In these cases it was directly held that to give jurisdiction of an appeal to this court not only must the notice of appeal be served upon the appellee within the period allowed for appeal, but the bond must also be so served. It was held that, although defects in the bond for want of proper justification may be corrected, failure to serve, within the period for appeal, both notice and bond cannot be cured. In *Ady v. Barnett,* 142 Wis. 18, 124 N. W.

1061, a defective bond was allowed to be corrected, but it is stated, page 25: "It has been held under the statutes [governing appeals] referred to that a service of a notice of appeal within the time limited by law that is not accompanied by any undertaking is not effective for any purpose." The statute prescribing how appeals shall be taken and perfected is to the same effect now as when the cases above cited were decided. The sections are respectively sec. 3049, Stats. 1898, and sec. 274.11, Stats. 1935. The revisor's bill enacted by ch. 541, Laws of 1935, rearranged the provisions of sec. 3049, and made some verbal changes, but there was no change of meaning. The first sentence of sub. (2) of the 1935 and present statute reads: "An appeal may embrace two or more orders and may include or omit the judgment." This sentence in the previous statute reads: "An appeal may embrace two or more appealable orders, if the time for appealing therefrom or from either of them has not expired, and may include or omit the judgment." The omission of the clause "if the time for appealing therefrom or from either of them has not expired" was obviously omitted because rendered superfluous by the provision of sec. 274.01, Stats., fixing the time for appealing from both orders and judgments to six months. At any rate, the dropping of the clause quoted has no bearing on the provisions prescribing the method of taking and perfecting appeals.

The cases above cited relied on by the respondent would doubtless rule the motion in its favor but for the contention of the appellant that sec. 274.32, Stats., which provides that "when a party shall in good faith give notice of appeal and shall omit, through mistake or accident, to do any other act necessary to perfect the appeal . . . the supreme court . . . may permit an amendment or the proper act to be done," authorizes this court to perfect the appeal by permitting the service of the copy of the bond to be served now, although the time for appeal has expired. This statute was in force as

sec. 3068, R. S., when the cases above cited were decided. No reference is made to the statute in the opinions, and no applications for relief under it appear to have been made in those cases.

From the language of the statute, the position of the appellant that it is entitled to relief under it would seem to be correct. Many cases are cited in the notes to this section in Wisconsin Annotations 1930, in which relief has been granted under this section, but in none of them does it appear that the motion for relief was made after the time limited for perfecting the appeal. It is to be noted that the statute goes to the acts "necessary to perfect the appeal," and that by sec. 274.11 (2) the service of a copy of the bond is prescribed as so necessary. The respondent counters, however, that sec. 269.45, Stats., gives to courts power to extend the time prescribed by statute within which acts may be done, except the time for appeal, and contends that the exception negatives the power to extend the time for appeal, and that allowing the bond to be served after the time for appeal has expired would extend such time. That the court is powerless to extend the time for appeal has been directly held. *Herrick v. Racine Warehouse and Dock Co.* 43 Wis. 93; *Pereles v. Leiser,* 123 Wis. 233, 101 N. W. 413.

The effect of sec. 274.32, Stats., is discussed in *Harrigan v. Gilchrist,* 121 Wis. 127, 213, 99 N. W. 909. It is there said that "when a notice of appeal is duly served in good faith, jurisdiction is at once conferred on this court as well as the trial court for some purpose, *i. e.,* that of permitting the appeal to be *perfected* so that it can be heard." (Sec. 274.11 (2) declares that an appeal is perfected by service of the cost bond.) "Obviously, this court could not proceed to hear a cause upon appeal without compliance with sec. 3052 [274.11 (3), Stats., which provides the requisites of the appeal]. To do so would be to act in defiance of the statute as regards a right wholly statutory. *White v. Polleys,* 20 Wis.

530, does not go so far as to decide to the contrary to this. It is only to the effect that, if the bond is executed in compliance with such section and duly transmitted to this court for the benefit of the adverse party, the cause may proceed to judgment unless such adverse party seasonably objects. That is, the party may waive the service of the undertaking, but not the execution thereof and filing the same in the record."

The waiver above referred to is the waiver provided by sec. 274.11 (2) (sec. 3049, R. S.), respecting service of the bond or a deposit of money in lieu of such service, which waiver must be in writing as provided by sec. 274.14 (sec. 3051, R. S.). If the respondent may waive the service of the bond, as the statute cited provides, and the statement of the opinion above quoted suggests, then, of course, service of the bond is not absolutely necessary "to perfect the appeal" or to confer jurisdiction upon this court to determine the case. If want of service of the bond may be cured by waiver of the party by sec. 274.14, Stats., so as to confer jurisdiction, it may be cured by act of the court by sec. 274.32, Stats., so as to confer jurisdiction.

It is to be noted that in the discussion of the appeal provisions in *Harrigan v. Gilchrist, supra,* page 213, there is language which may be taken to indicate that the writer of the opinion was of the impression that the jurisdiction of the court where there was no service of the bond was limited to cases wherein the service was made within the time for appeal, or the want of service was not objected to. It is there said, page 212:

". . . The mere taking of an appeal by the service of a proper notice and sending the record here does not give the court such jurisdiction as to enable it to hear the cause, but does give it the necessary jurisdiction to enable it to permit the appeal to be perfected by the service of a proper bond, or cure any other defect in the proceedings *within the period*

*limited by statute for appealing;* and that, if the proper undertaking is executed and filed, but not properly served, the court acquires such jurisdiction as to enable it to hear and decide the cause, the adverse party not *seasonably object- ing,* failure in that regard being deemed a waiver of such service or an estoppel as regards suggesting such failure with effect."

But to construe sec. 274.32, Stats., as limiting applications under it to the period for appeal would render it pointless. There is no need to apply to the court for leave to serve the bond within the time for appeal. The party can do that without leave of court. The inclusion of the limiting phrase in the statement next-above quoted must have been inadvert- ently or ill-advisedly inserted. If the want of service of the bond may be waived so as to confer jurisdiction, service is not essential to confer jurisdiction, and if it may be cured by waiver by the party under sub. (2) of sec. 274.11, Stats., it may be cured by action of the court under sec. 274.32. The court as clearly has power under the one statute to relieve from acts prescribed relative to appeal as a respondent has under the other.

The discussion relative to failure to conform literally in every respect to the provision of the appeal statutes made in the opinion of the court in *Liesner v. Wanie,* 156 Wis. 16, 18 to 20, 145 N. W. 374, 375, is of some bearing. The gist of that discussion is that while before the decision of that case this court had rendered the decisions here relied on by respondent, whether the court would go that far at the time of the *Liesner Case* was doubted, in view of the "analy- sis of the statute and liberal construction thereof in *Harri- gan v. Gilchrist."* It is true that the *Liesner* opinion seems to indicate that the court was, at the time it was written, of opinion that the ruling in those cases should be adhered to. However that may be, the court is now of opinion that to hold them applicable where the appellant has applied under

sec. 274.32, Stats., for permission to perfect its appeal by serving a copy of the bond after the time for appeal had expired would be clearly erroneous. If these decisions imply that this court may not under sec. 274.32, Stats., permit an appeal to be "perfected" after the time for appeal has expired when the only act wanting in that respect is the service of a copy of the appeal bond on the respondent, they are erroneous in that respect, and so far as they seem so to imply they are overruled.

*By the Court.*—It appearing that service of a copy of the appeal bond was served by appellant upon respondent with appellant's service of its notice of countermotion, another service of such copy will not be required. Upon payment of $25 costs of motion by appellant to respondent, the motion to dismiss the appeal will be denied and the appeal held perfected.