## BUTTS VS. FENELON.

*Practice in Supreme Court.*

This cause not having been submitted for the defendant in error, and no counsel appearing for him when it was reached in its order, the court declines to hear argument for the plaintiff in error, or to consider the merits at the request of his counsel, but reverses the judgment below as of course, under Rule 6 of July 2, 1875.

ERROR to the Circuit Court for *Dodge* County.

The writ of error in this case was taken to review a judgment of the circuit court affirming an order of a court commissioner, upon a writ of *habeas corpus,* directing the discharge of *Margaret Fenelon* from imprisonment.

*Eli Hooker,* for plaintiff in error.

PER CURIAM.   When this cause was reached in its order, counsel appeared to argue it for the plaintiff in error; but no one appeared, and no brief had been submitted, for the defendant in error.   The plaintiff in error is therefore entitled, under the rule, to judgment of reversal.   But his counsel insisted on

being heard, and that the court should pass judgment on the merits. This the court declines to do. It is dangerous to pass upon grave questions, such as are presumably involved in cases brought here, upon *ex parte* argument; and the court is unwilling to do so when it can be avoided. Hence the present rule. And when either party fails to argue or submit a case, according to the rule, the court will not hear the other side on the merits, but will reverse or affirm under the rule, without argument. The prevailing party gets all that he has a right to ask, and the court is saved the risks of *ex parte* judgments.

The judgment of the court below is reversed under the rule.