Hughes vs. Libby.

---

## HUGHES vs. LIBBY.

*Presumption from Record.*

In this action of ejectment, where plaintiff claimed under a tax deed recorded May 16, 1871, it is stated in the briefs of counsel for both parties that the action was commenced July 6, 1874, and the circuit court so found; but from the original papers sent up on the appeal, it appears that the complaint was verified June 16, 1873, and the answer July 25, 1873, though it does not appear when the summons and complaint were served. *Held*, that this court must assume that the action was commenced before July 25, 1873, and therefore before the three-years limitation had run in favor of plaintiff's tax deed.

APPEAL from the Circuit Court for *St. Croix* County.

Ejectment. The answer contained a general denial, and also set up, as a further defense and by way of counterclaim, a tax deed issued to defendant August 4, 1871, which was good upon its face and duly recorded, and asked for a judgment barring the rights of the plaintiff as previous owner.

The answer further alleged that the deed under which plaintiff claimed title was a tax deed, which had been on record more than three years before the commencement of this action, and that plaintiff's right of action thereon was barred. The plaintiff replied to the counterclaim, alleging that defendant's tax deed was void by reason of certain specified irregularities in the proceedings upon which it was founded, and also alleging a deposit with the clerk such as the statute requires to be made in such cases.

The cause was tried without a jury, and the court found the following facts: This action was commenced July 6, 1874. On the 29th of February, 1868, defendant obtained and recorded a tax deed of said land, good upon its face. On the 16th of May, 1871, plaintiff obtained and recorded a tax deed of said land for the tax of the year 1866, good upon its face. On the 4th of August, 1871, defendant obtained and recorded a tax deed of the same land, for the tax of 1867, also good upon its face. The premises continued to be wholly unoccupied. Both the tax deeds last described are invalid by reason of irregularities in the proceedings upon which they were founded. When defendant took his first tax deed (in 1868), "he paid all the taxes which were then unpaid and liens upon the premises," except that of 1866.* For all the taxes which have been assessed upon the land since that of 1867, it has been sold, and the plaintiff purchased the certificate of each sale, and defendant redeemed the land from such sales within the time prescribed by law.

Upon these facts the judge stated the following conclusions of law:

1. That the defendant's title to the land became absolute under his first tax deed, on the 29th of February, 1871.
2. That plaintiff's recorded tax deed of May 16, 1871, drew after it the constructive possession, and gave him the adverse

---

* This form of expression was evidently not intended to include the tax of 1867.

possession of the land against defendant's earlier tax deed. 3. That defendant's recorded tax deed of August 4, 1871, drew after it the constructive possession, and, from the date of its recording, defendant held possession adversely to the plaintiff.   4. That plaintiff was therefore compelled to bring his action within three years from the recording of his deed; and if the action were brought in time, defendant could impeach plaintiff's deed for irregularity in the tax proceedings. 5. That if, on the other hand, defendant's last tax deed, being invalid for previous irregularities, did not draw after it the constructive possession from the time when it was recorded, and if for that reason plaintiff's deed had ripened into conclusive evidence of title, then defendant had never had even constructive possession of the land, and, the allegations of the complaint in that respect not being proven, plaintiff could not recover.

Judgment was accordingly rendered for the defendant, from which the plaintiff appealed.

For the appellant, a brief was filed signed by *Henry C. Baker* and *John C. Spooner* as attorneys, and by *P. L. Spooner*, of counsel, and the cause was argued orally by *P. L. Spooner*.   They contended, 1. That the plaintiff's tax deed (of May 16, 1871) was unimpeachable for mere irregularities. Where the land is unoccupied for three years next after a tax deed, good upon its face, is recorded, all questions as to the regularity of the tax proceedings are set at rest, except that the deed is only *prima facie* evidence of the liability of the land to taxation, of the nonpayment of the tax, and of nonredemption before the recording of the deed.   *Knox v. Cleveland*, 13 Wis., 245.   A tax deed good upon its face does not necessarily draw after it the constructive possession of unoccupied land.   It is the *title* which has that effect; and when such a deed is shown by extrinsic evidence to have been void, the possession is no longer presumed to have followed it. Nor has the recording of the deed anything to do with the

constructive possession. The recording merely fixes the time from which, under our statute, the period of limitation begins to run. 2. That the defendant's deed of August 4, 1871, was made of no effect in this case by the counterclaim praying for the foreclosure of the plaintiff's rights under it, and the reply with the deposit made therewith. The money was deposited for the defendant, and cannot be recalled by the plaintiff. Defendant could not apply for the benefit of the statute, and, after getting it, still insist that his tax deed should operate to destroy the plaintiff's title. *Burrows v. Bashford*, 22 Wis., 103.

The cause was submitted for the respondent on the brief of *H. A. Wilson* and *N. H. Clapp*. They argued, 1. That the plaintiff, having failed to bring his action in three years from the recording of his tax deed, is barred by the statute of limitations. Laws of 1859, ch. 22, sec. 32; *Jones v. Collins*, 16 Wis., 594; *Lawrence v. Kenney*, 32 id., 295; *Lewis v. Disher*, id., 504. 2. That the acts of the defendant, who was the former owner, in putting upon record his tax deed of August 4, 1871, and paying subsequent taxes, had interrupted plaintiff's constructive possession under his deed, and the running of the statute of limitations in his favor. 3. That if defendant had not interfered with plaintiff's possession, then the latter had clearly no cause of action.

COLE, J. It is stated in the brief of counsel on both sides, that this action was commenced on the 6th day of July, 1874; and the circuit court finds as a fact that it was commenced at that time. The original papers seem to have been sent up on the appeal, and, upon referring to them, it will be seen that the complaint was verified on the 16th day of June, 1873, and the answer was verified on the 25th of the next month. It does not appear when the summons and complaint were served; but we must assume that they were served, and the action commenced, some time before the answer was verified.

It is unreasonable to suppose there was a mistake in the dates of these *jurats*, or that they were dated back a year. That idea is not to be entertained for a moment. We therefore must hold these dates conclusive upon the question as to when the action was commenced; controlling both the finding of the court and the statement of counsel. The mistake upon the point was doubtless fallen into because the original papers were not consulted.

If the action was commenced — as upon the record we must assume it was — before the 25th day of July, 1873, the three-years limitation had not run in favor of the plaintiff's tax deed. That deed was recorded on the 16th day of May, 1871, and could be impeached for irregularity in the tax proceedings. It appears from the bill of exceptions, that the defendant offered in evidence the records from the office of the county clerk for the purpose of proving that the proceedings prior to the issue of the plaintiff's tax deed of May 16, 1871, were irregular and invalid, which evidence was objected to on the ground that the three-years limitation had run in favor of that deed. The objection was overruled. In view of this ruling, for the purpose of dispensing with formal proof, the plaintiff admitted that irregularities existed in the tax proceedings prior to the issuing of his deed sufficient to invalidate the same but for the bar of the statute. As already observed, the statute had not run in favor of that deed when the action was commenced, and the admission of the plaintiff was fatal to his case. He had to recover on the strength of his own title, and not on the weakness of the title of his adversary. This principle is elementary. This relieves us from the necessity of considering the interesting question, so ably discussed by counsel, arising upon the counterclaim, and as to what effect, if any, must be given to the record of defendant's tax deed recorded August 4, 1871, upon the constructive possession claimed to follow the record of plaintiff's deed. Both deeds, though good on their face, were shown to be invalid on

account of irregularities in the tax proceedings prior to their issue. They stood upon the same ground, and were equally liable to be impeached.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.