Hughes vs. Libby.

## HUGHES vs. LIBBY.

SUPREME COURT: REVERSAL OF JUDGMENT: *Effect of reversal for failure of counsel to appear, in certain cases.*

It having been ordered that the appeal herein (by the plaintiff below) be argued on both sides at the bar of this court, and no counsel having appeared for the respondent when the case was reached under that order, the court, on motion of appellant's counsel, without hearing him upon the merits, and without deciding what would be the effect of a mere reversal under the rule, directed a reversal *with the same effect as if the appeal had been heard* and all the questions raised by the appellant decided in his favor on the merits. And it will make that order whenever moved by counsel, where the appellant is plaintiff below, and the respondent fails to appear here according to the rules.

APPEAL from the Circuit Court for *St. Croix* County.

The brief on file in this case for the appellant is signed by *Henry C. Baker* and *John C. Spooner* as his attorneys, with *P. L. Spooner*, of counsel; and that for the respondents by *H. A. Wilson* and *N. H. Clapp.*

RYAN, C. J. This appeal was heard at a former term. *Hughes v. Libby*, 41 Wis., 469. But as the record then stood, the question argued did not appear to arise, and was not decided. It turned out, however, that the point on which the decision went, rested upon a clerical error in the return. The parties therefore vacated the former judgment, and had the record remitted for correction. And the appeal was placed upon the calendar for argument on the merits, upon an amended return, at the present term.

When it was heard before, the appeal was argued by coun-

sel for the appellant, and submitted for the respondent upon brief. When it was reached at the present term, the justices who sat at the former hearing, reported the question involved to be such, that the appeal should be argued at the bar on both sides; and it was so ordered by the court.

When it was again reached under that order, no counsel appeared for the respondent; and the court declined to hear the appellant's argument, or to decide the appeal upon the merits. *Butts v. Fenelon*, 38 Wis., 664. The appellant's counsel, however, objected to a mere reversal under the rule; insisting that, as the appellant was plaintiff below, a formal reversal under the rule might leave the circuit court free to repeat its former rulings on a new trial; and that thus the respondent, by refusing to appear here, might practically defeat the appeal.

As it was remarked in *Butts v. Fenelon*, it is dangerous to pass upon grave questions upon *ex parte* argument. And no printed brief, however learned and able, can, in a difficult cause, afford the same aid to the court as an equally learned and able argument at the bar. In causes involving intricate or difficult questions, the most learned and able counsel generally find, upon the test of oral argument, that their *ex parte* briefs, however elaborately prepared, fail to meet all the points, in all their aspects. The conflict of argument at the bar is invaluable, both to counsel and to court, in the comprehension of causes and their questions. It is for that reason that our rules reserve to the court the discretion of ordering the argument at the bar, on both sides, of all submitted cases appearing to require it.

It is unnecessary to speak of the disrespect, amounting almost or quite to contempt of court, of which counsel are guilty in refusing to obey orders to argue appeals at the bar. When any gentleman does that, without adequate excuse, it might raise a presumption that he does not desire his name to remain on the roll of the court.

It may be presumed that the bar of the state desire a good

court and good reports. And it becomes them to remember that their own labors are essentially necessary to both. A court, however constituted, cannot well be much better than its bar. Intelligent discussion by the bar is almost or quite as essential to sound judicial rules of decision, as intelligent consideration by the bench. *Re Goodell*, 39 Wis., 232. Very great judges have attributed erroneous rulings to the fact that the questions involved were not argued by counsel. Our greatest labor is not always in the most difficult causes well argued at the bar, but sometimes in less difficult questions, with less help from counsel. We have, therefore, framed the present rules with a view of encouraging counsel to argue orally all really doubtful questions.

We are largely dependent, for intelligent and convenient discharge of our duties, upon the assistance of our bar; and we look to receive it, as we generally have done. And we shall surely not tolerate willful disregard by counsel of orders to argue their cases at the bar.

We express no opinion here upon the effect of a formal order of reversal under the rule, for the nonappearance of counsel. In the present case, however, we have directed a reversal of the judgment of the court below, with the same effect as if we had heard the appeal, and had decided all the questions raised by the appellant, in his favor upon the merits. And we shall do so, whenever moved by counsel, where the appellant is plaintiff below, and the respondent fails to appear here according to the rules.

*By the Court.* — The judgment of the court below is reversed.