THE STATE EX REL. R. CONNOR COMPANY and another, Respondents, vs. WALLMAN, imp., Appellant.

*April 10 — April 30, 1901.*

*Logging highway: Appeal from order laying out: Action of commissioners: Certiorari: Questions reviewed: Motion to quash.*

1. Sec. 1299*i*, Stats. 1898, provides that when a proper petition for the laying out of a temporary logging road has been presented to the supervisors of the town, such supervisors shall proceed to lay out such highway in the manner in which public highways are laid out, except as otherwise therein provided, but does not, in express terms, give a right of appeal to the county judge, etc. *Held,* that under said statute no right of appeal exists. The fact that the supervisors are to proceed to lay out the proposed logging road in the same manner as public highways are laid out, means nothing more than that their action and course of procedure shall con-

The State ex rel. R. Connor Co. and another vs. Wallman.

form to those requirements, and to attempt to supply a grant of a right to appeal by inference is beyond the limit of judicial construction.

2. *Certiorari* to review the action of commissioners appointed on appeal to the county judge brings up for review only the proceedings of said commissioners, and does not bring up the original proceedings from which the appeal was taken; hence the question whether the original proceedings by the supervisors are void, because the statute under which they proceeded is invalid, is not before the court for review.

3. In such case, where the petition for the writ shows that the original proceeding, and the action taken under it, are invalid, such fact only bears upon the question of whether the action of the commissioners is harmful and such as will justify the court in entertaining the writ and exercising its discretionary power, and is no ground for a motion to quash the writ.

APPEAL from a judgment of the circuit court for Marathon county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

In June, 1900, the *R. Connor Company* and *W. D. Connor* presented a petition to the town board of the town of Cleveland, setting out that they were the owners of certain timber lands, and asked that a temporary logging road be laid out across lands owned by the defendant *Wallman*, under sec. 1299*i*, Stats. 1898. After a hearing had been had, the board made an order laying out such road, which was to remain in existence for ten years. Damages were ordered and tendered to the owner, which were refused. Thereupon *Wallman* attempted to take an appeal, and made application to the county judge of Marathon county for the appointment of commissioners to review the action of the town board. Such commissioners were duly appointed, viewed the premises, took testimony, and thereafter made a decision reversing the order of the supervisors. Thereupon the *R. Connor Company* and *W. D. Connor* sued out a writ of *certiorari* to review the action of the commissioners, claiming that no appeal lay from the decision of the town board under the statute, and that no sufficient bond had

been given by the appellant, if such appeal was permissible. Due return was made to the writ, and *Wallman* became a party to the proceeding. Upon the hearing in court, he moved to quash the writ and for judgment affirming the action of the commissioners. This motion was denied, and a judgment was entered setting aside the decision of the commissioners, with costs. From this judgment *Wallman* has appealed.

For the appellant there was a brief by *Louis Marchetti,* attorney, and *Bump, Marchetti & Bump* and *C. B. Bird,* of counsel, and oral argument by *Mr. Marchetti* and *Mr. E. L. Bump.*

For the respondents there was a brief by *Brown, Pradt & Genrich,* attorneys, and *Ryan, Hurley & Jones,* of counsel, and oral argument by *Neal Brown.*

BARDEEN, J.    The matter sought to be reviewed by this proceeding is the validity and legality of the action of the commissioners appointed on *Wallman's* appeal from the action of the town board. If no such appeal is provided for by law, then it must be conceded that their action was invalid and was properly reversed. The original proceeding was instituted by two owners of timber lands for the laying out of a temporary logging road, under sec. 1299*i*, Stats. 1898. That section provides that, when a proper petition has been presented, "such supervisors shall proceed to lay out such highway in the manner in which public highways are laid out, except as otherwise provided herein." It gives no right of appeal to either petitioners or landowners, and none exists, unless it may be inferred from the language of the statute above quoted. Counsel for defendant were frank enough to admit that it was doubtful if any such right existed. While we do not consider that admission binding either upon the counsel or the court, a careful consideration of the statute convinces us that it is well founded. The fact

that the supervisors are to proceed to lay out the proposed logging road in the same manner public highways are laid out means nothing more than that their action and course of procedure shall conform to those requirements. There is no grant of right of appeal either to the petitioners or the landowners, and to attempt to supply it by inference would be going beyond the limit of judicial construction. It is suggested that, if no right of appeal is given, the statute is invalid. It was ruled to the contrary in *State ex rel. Andrews v. Oshkosh*, 84 Wis. 548. Moreover, the validity of the statute is not here for review. The *certiorari* is to review the action of the commissioners appointed on defendant's appeal to the county judge, not the action of the town board in laying out the logging road. Their action may be entirely without justification. The original proceeding may be void because the statute is unconstitutional, or because the road described in the order laying it out does not connect with any other public road, yet we cannot determine that question, because those proceedings are not before us for consideration.

It is said that, inasmuch as the petition for the writ shows that the original proceeding and the action taken under it are invalid, the motion to quash performs the office of a demurrer, and should have been granted. This does not necessarily follow. As already suggested, we can only review such of the proceedings as are attacked by the writ. The fact that the original proceedings may be invalid only bears upon the question of whether the action of the commissioners is harmful, and such as will justify the court in entertaining the writ and exercising its discretionary power. If the original proceedings are invalid, it may be that the relators are not harmed by the unauthorized action of the commissioners. But the question of injury to the moving party is not always the test whether the court will entertain the proceedings. Many cases might be cited where the court

has reversed the action of some inferior body or tribunal, on the ground that the record showed want of power or jurisdiction in the matter. Because of such infirmities, it may have been incapable of enforcement, and therefore harmless in point of law, as against the complaining party; yet the courts seldom hesitate, for that reason alone, to clear the record and set aside the proceeding attacked. Confessedly, the action of the commissioners was without justification. The court being powerless in this proceeding to reach back and seize upon the record of the town board and reverse its action, no reason is apparent why so much of the record as was before the trial court, and was found to be without lawful warrant, should not be corrected. This was done by the judgment of reversal of the action of the commissioners. The defendant has no ground for complaint.

*By the Court.*— The judgment is affirmed.