OMA, Appellant, vs. WILKINSON, imp., Respondent.

*May 10—June 21, 1906.*

*Appeal: No appearance for respondent: Reversal on the merits.*

> Where the plaintiff is appellant and files a brief, if there is no ap-
> pearance by the respondent this court, on appellant's motion,
> will reverse the judgment or order appealed from with the same
> effect as if the appeal had been heard and all questions raised
> by the appellant decided in his favor on the merits.

APPEAL from an order of the circuit court for Ashland
county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Appeal by plaintiff from an order sustaining general de-
murrer of defendant *Emma E. Wilkinson* to each of the six
separate causes of action in complaint. The first alleges
*Emma E.* and George D. Wilkinson to be husband and wife,
the latter being the owner and occupying as a homestead,
with his wife, certain described lots in Ashland, situated in
a thickly inhabited part; that *Emma* negligently and wrong-
fully caused to be stored in the barn located on the said home-
stead premises a quantity of dynamite, her separate prop-
erty, with the knowledge and consent of her husband, George
D. Wilkinson; that such storing on said premises was a
nuisance and a menace to the property of all parties living

in the vicinity; that January 8, 1905, the barn took fire and such dynamite exploded, by reason whereof plaintiff's dwelling house was severely injured to an amount specified. Each of the other causes of action is identical with the first, except that they allege injury to the buildings of other neighbors and assignments by the respective owners of the same to the plaintiff. No appearance being made for the respondent in this court, appellant, having filed a brief, requested a reversal on the merits in accordance with the rule announced in *Hughes v. Libby,* 42 Wis. 639.

For the appellant the cause was submitted on the brief of *G. N. Risjord.*

[No appearance for respondent.]

*By the Court.*—After full reconsideration of the reasons there assigned, we adhere to the rule promulgated in *Hughes v. Libby,* 42 Wis. 639, and therefore reverse the order appealed from with the same effect as if we had heard the appeal and decided all the questions raised by appellant in his favor upon the merits. The cause is remanded for further proceedings accordingly.