FILER & STOWELL COMPANY, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*November 17—December 7, 1915.*

*Appeal: Right is statutory: Time for taking cannot be extended: Condemnation of land for railroad: Failure to appeal in time: Power of courts: Equitable relief.*

1. The right of appeal is wholly statutory and must be exercised upon such terms and within such limitations as the written law prescribes.
2. After the expiration of the thirty days limited by secs. 1849, 1852, Stats., for appealing from the award of commissioners in a proceeding to fix the compensation to be paid for land taken for a railroad, the court cannot extend the time for taking such appeal. Neither sec. 2831 nor sec. 2832, Stats., authorizes such relief; nor has the court inherent power to grant it.
3. If the circuit court had power to grant such an extension of time a very strong case would be required to warrant a decision on appeal that there was an abuse of discretion in refusing to grant it.
4. Whether under special circumstances a court of equity might interfere to prevent the person in whose favor the award was made from having the benefit of it, is not decided. If such power exists the relief must be sought in an independent action; and no leave of court to bring such an action is necessary.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge.    *Affirmed.*

The *Chicago, Milwaukee & St. Paul Railway Company,* without contracting with the owner, or exercising the right of eminent domain, appropriated for its railway purposes certain valuable property belonging to the plaintiff. After the lapse of considerable time, plaintiff commenced proceedings under sec. 1852, Stats., for a determination of the amount which the railway company should pay for the property so taken. In due course, the precise property which should form the subject of the appraisal was determined, and December 3, 1914, the commissioners awarded plaintiff $30,950 and filed their determination in the office of the clerk of the circuit court. By reason of failure of one of the commissioners to notify the attorneys for the railway company of such facts, as he had agreed to do, they did not know thereof until more than thirty days after such filing. They relied upon such agreement and, on that account, failed to exercise the right of appeal within the thirty days allowed by sec. 1849, Stats. Such facts were, upon petition to be relieved from the default, presented to the circuit court, together with affidavits tending to show that the award was very excessive and that great injustice would be done the railway company unless it could be relieved therefrom so as to permit the determination of the commissioners to be reviewed. All proceedings upon which the award was made, were regular and under judicial instructions as to the measure of damages. The only complaint made by the petitioner was that the commissioners greatly erred in the appraisement. The case on the part of the petitioner was met by an affidavit tending to show that the award was inadequate instead of being excessive. The petitioner prayed for an order setting aside the award upon the ground that the failure to appeal was the result of accident, mistake, inadvertence, surprise, or excusable neglect, and requiring a new award to be filed; also that, if the primary relief asked for could not be granted, the petitioner be granted leave to bring an action in court to set aside

the award, and for such other or further and different relief as to the court might seem proper.

The trial court decided that the failure to appeal was the result of excusable neglect on the part of the railway company's attorneys, but, nevertheless, upon the petition, the affidavits presented on both sides, and, upon all the records, documents, files, and proceedings in the matter, that the petition should be denied. This appeal is from such determination.

C. H. Van Alstine and H. J. Killilea, for the appellant.

For the respondent there was a brief by Miller, Mack & Fairchild, and oral argument by E. S. Mack and Claude J. Hendricks.

MARSHALL, J. Whether the decision complained of was grounded on want of power to relieve appellant from the failure to appeal within the time limited by sec. 1849, Stats., or in the exercise of judicial discretion because of failure of appellant to show clearly that injustice had been done by the award, does not clearly appear from the record. The concluding words of the order rather indicate that the second ground was deemed to be sufficient since the case made on behalf of appellant by the petition and supporting affidavits, was met by the judgment of the sworn commissioners and an affidavit to the effect that the award, instead of being excessive, was very inadequate. If we were to pass, in favor of appellant, the question of power to grant the petition, it would require a very strong case in its favor to warrant holding that the trial court abused its discretion in denying the application. If the question of power be resolved in respondent's favor, the other question need not be decided.

It is conceded that sec. 1849, in connection with sec. 1852, limits the time for appealing from the award of commissioners in such a matter as this to thirty days from the filing of the award. Such being the case, it seems clear that to have

granted the petition would have been, in effect, to extend the time for taking the appeal.    Can that properly be done?

In considering the question suggested, we must keep in mind the elementary principle that the right of appeal is wholly statutory and so may be granted upon such terms and with such limitations as the written law may prescribe, and that if no such right is given, none exists. *Gianella v. Bigelow,* 92 Wis. 267, 65 N. W. 1030. That applies to statutory proceedings for exercise of the right of eminent domain. *State ex rel. Andrews v. Oshkosh,* 84 Wis. 548, 54 N. W. 1095; *State ex rel. R. Connor Co. v. Wallman,* 110 Wis. 312, 85 N. W. 975.

Counsel for appellant concedes that proceedings for condemnation are special, as held in *Cornish v. M. & L. W. R. Co.* 60 Wis. 476, 19 N. W. 443, and other cases, and so do not fall within the literal sense of sec. 2831, which provides that "The time within which any proceeding in an action after its commencement, except the time within which an appeal must be taken, may, before its expiration, be enlarged . . . by the court or a judge. . . . Except as aforesaid, and as otherwise specially prescribed by law, the court or a judge may also, on motion and good cause shown, in discretion and upon such terms as may be just, allow any such proceeding to be taken after the time limited by or in pursuance of the statute or by any order of court has expired."

It will be observed that power to extend the time for taking an appeal is expressly excepted from the statute; but counsel contend that such statute applies only to actions and that sec. 2832 is much broader and includes such proceedings as this, if it covers special proceedings.    It provides that "The court or a judge may likewise, in discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him, through his mistake, inadvertence, surprise or excusable neglect."    It is difficult to see

'how the mere lapse of time for taking an appeal answers to the call for "a judgment, order, stipulation or other proceeding against him." The section seems to refer to some circumstance happening before the occurrence of the thing to be relieved from, which is considered not to be the case we have to deal with.

Counsel next argue that if sec. 2832 as well as sec. 2831 applies to actions and not to special proceedings; there is no prohibition to granting such relief as that asked for and the court is free, even if it could be legislatively interfered with, to exercise its inherent power to do whatever may be necessary to prevent injustice in such judicial proceedings.

In support of the last contention of counsel, mentioned, they refer to the *Matter of City of Buffalo,* 78 N. Y. 362, and *Ladd v. Stevenson,* 112 N. Y. 325, 19 N. E. 842. The former related to a jurisdictional matter and the latter to proceedings in an action, not involving an extension of the time for taking an appeal, which we must regard this to be in the nature of.

It must be conceded that this court has held that a statute limiting the time for taking an appeal is mandatory and jurisdictional. The court has spoken many times on the matter in cases falling within the scope of sec. 2831. *Van Steenwyck v. Miller,* 18 Wis. 320; *Herrick v. Racine W. & D. Co.* 43 Wis. 93; *Hall v. Gilman,* 90 Wis. 455, 63 N. W. 1044; *Haessly v. Secor,* 135 Wis. 548, 116 N. W. 175.

The cases in this court are not grounded on the theory that a legislative prohibition of judicial extension of the time for taking an appeal is necessary to prevent it, but rather on the theory that the right of appeal being wholly statutory, whether it exists or not and all the incidents of it are referable to the written law. No right of parties to change the time for taking an appeal by consent or for the court to change the legislative plan under its inherent power, is recognized. The cases go wholly upon the principle that the legislative

creation cannot be varied by parties or the court. RYAN,. C. J., speaking for the court in *Herrick v. Racine W. & D.. Co.,* said: "This court has no power to amend the statute by enlarging the time" for taking an appeal. "If we had any ' discretion, we should assuredly exercise it in a case like this, where the right of appeal appears to have been lost by mere inadvertence." While it must be conceded that there is some judicial authority to the contrary, the doctrine of this court is in accordance with the prevailing authorities. Many might be cited of which *Burns v. Phinney,* 53 Minn. 431, 55. N. W. 540, is a good type, where the court said: "There is no authority . . . to give a party a right to appeal after the right given him by the statute has lapsed by his failure to ex-- ercise it, and to grant his application would be, in effect, giv-- ing him a right to appeal."

· Such is the law as generally found stated in the works. of standard text-writers, supported by abundance of authority, including our own decisions. In 2 Ency. of Pl. & Pr. 239,. 244, the subject is treated thus:

"Statutes limiting the time to appeal from a decision be- low are mandatory and jurisdictional. They must therefore be strictly complied with; the court cannot engraft any ex- ceptions on the statute nor admit any excuse for failure to comply with its requirements." "No court or judge can ex- tend the statutory time for taking an appeal, except where the statute so authorizes." "The prevailing doctrine is that an appellate court cannot relieve an appellant from the effect of misfortune, accident, or mistake. Unless the statutes ex- pressly authorize relief . . . the appellant's right of appeal lapses with the expiration of the statutory period beyond re- call."

Cases are cited where some courts have held that inherent power exists to grant relief, but it seems they are out of har- mony with the decisions of this court.

To set aside the award here, as a means of circumventing- the statute, would be equivalent to abrogating it and giving a.

new right of appeal which would be an exercise of legislative power. It does not seem that the inherent power of the court, great as it is, goes that far. In any event, the trend of our decisions is so clearly to the contrary that it is considered the legislature should be left to deal with the matter if any change is to be made.

The earnest appeal of counsel for the court to discover in the written or unwritten law some way for relief in this case by, in effect, reinstating the opportunity for appeal, has been responded to by a careful study of the matter without our being able to see how the limitation period of the statute can be directly or indirectly evaded by disturbing the award. The plain policy of the statute is that an award in such a proceeding, if not appealed from within the time afforded therefor, shall stand as a settlement of the rights of the parties. The whole proceeding being a creature of the statute, that must govern. If this leads to injustices now and then, we may well say that such is the effect of all statutes of limitations. Whether, in special circumstances, a court of equity would interfere to prevent the person in whose favor an award shall have been made from having the benefit of it, is not involved in this case. There may be such power. If so, whether it would reach such circumstances as are disclosed here we do not wish to express an opinion. If there be such power, it must be by an independent action in equity, no leave of court to commence such action is required, and the order here involved is not to be construed as foreclosing such opportunity.

*By the Court.*—The order is affirmed.