DEMPSEY, Appellant, vs. NATIONAL SURETY COMPANY, Respondent.

*January 12—February 8, 1921.*

*Appeal: Right to appeal: Conditions: Discretion of legislature: Review of rulings at request of respondent: Respondent as appealing party.*

1. The right to an appeal to this court and the conditions upon which it may be taken are matters entirely within the discretion of the legislature.
2. Under sec. 3049a, Stats., giving to a respondent a right to a review of rulings of which he complains on giving due notice stating in what respect he asks for a review, reversal, or modification of the judgment or order appealed from, he is as to such part of the judgment or order an appellant, and under Rule 32 of this court is entitled in the discretion of this court, on his appearing and the original appellant not appearing, to have such part of the judgment or order reversed as of course upon the merits and without argument.

APPEAL from two orders of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed on errors assigned by respondent.*

Dempsey v. National Surety Co. 173 Wis. 296.

The plaintiff commenced an action in the civil court of Milwaukee county against the defendant J. H. Reisler, and also in the same court and at about the same time proceedings against the *National Surety Company* and another as garnishee defendants.

The garnishee proceedings were dismissed as to both garnishees on the plaintiff failing to appear. Thereafter an *ex parte* order was made by the civil court setting aside such order and judgment of dismissal. Judgment was subsequently ordered as against the garnishee defendants for the amount claimed in plaintiff's complaint on the ground that such garnishee defendants had failed to make proper showing before the said civil court upon its order requiring them to do so. The *National Surety Company,* one of such garnishee defendants, thereafter obtained a writ of *certiorari* from the circuit court for Milwaukee county to review such proceedings and also took an appeal to the same court from such orders or judgment.

The circuit court granted a motion there made by the garnishee defendant to have consolidated and heard as one matter the writ of *certiorari* and the appeal, both involving the same questions as to identical proceedings. It also reversed the orders and the judgment entered in said civil court as against the garnishee defendant but without prejudice to the right of the plaintiff to take further proceedings in the civil court as to the matters ruled upon in such orders and judgment. It further held in effect that the civil court of Milwaukee county had and has jurisdiction of the garnishee action, with power to entertain proceedings therein, and remanded the record to the civil court for further proceedings.

The plaintiff in October, 1919, gave notice of appeal to this court from such part of the judgment of the circuit court as reversed and vacated certain of the orders of the civil court and appealed also from the order of the circuit court consolidating the *certiorari* proceedings with the aforesaid appeal. Plaintiff gave a bond on such appeal as re-

·quired by statute and served such notice of appeal and undertaking on the attorneys for the garnishee defendant on October 23, 1919. The return, however, on such appeal to this court was not made nor the record filed here until August 13, 1920. The appellant has neither served nor filed any printed case or brief on his appeal.

On April 6, 1920, the garnishee defendant, *National Surety Company*, served notice on plaintiff's attorneys that it would on its own behalf ask this court to review and modify the order and judgment of the circuit court so far as the same provided that the former orders of the civil court should be without prejudice to the right of the plaintiff to apply for or of the civil court to again vacate the judgment of dismissal of the garnishee proceedings as against it, and to so much of the ruling of the circuit court as determined that the civil court had and has jurisdiction of the cause so far as the same affects the garnishee defendant.

Upon this cause being reached in due order upon the calendar here in January, 1921, the appellant failing to appear, the garnishee defendant moved that so much of the orders of the circuit court as were made the subject of the garnishee defendant's motion to review here should be reversed because of appellant's default, as of course, and that the order and judgment of the circuit court be modified in accordance with such request.

*Miller, Mack & Fairchild* of Milwaukee, for the respondent.

No appearance for the appellant.

ESCHWEILER, J. The following are rules of this court:

"Rule 31. If neither side of a cause is submitted or presented when reached for argument, it will be dismissed or continued, in the discretion of the court.

"Rule 32. When a cause is submitted or presented by counsel for appellant or plaintiff in error, but not by the op-

posing party, the judgment or order appealed from may be reversed as of course, without argument.

"Rule 33. When a cause is submitted or presented by counsel for the respondent or defendant in error, but not by the opposing party, the judgment or order appealed from will be affirmed as of course, without argument."

Since the adoption of such rules, sec. 8, ch. 219, Laws 1915, which provided as to appeals to this court, created a new statute, sec. 3049a, the part material for consideration here reading as follows:

". . . In any case the respondent may have a review of the rulings of which he complains by serving upon the appellant any time before the case is set down for hearing in the supreme court a notice stating in what respect he asks for a review, reversal or modification of any part of the judgment or order appealed from."

Prior to the adoption of the above cited statute it was an appellant alone who presented by his notice of appeal the matters which were to be reviewed in this court. Under our rules as originally framed to meet such a situation, an appeal being regularly reached, the appellant appearing and the respondent in default, the appellant was entitled to have, under Rule 32, *supra*, the matter appealed from reversed as of course without argument and with the same effect as though heard, and all questions raised by appellant decided in his favor. Such was the procedure recognized in the following cases: *Butts v. Fenelon*, 38 Wis. 664; *Hughes v. Libby*, 42 Wis. 639; *Oma v. Wilkinson*, 129 Wis. 119, 108 N. W. 210.

If it was the appellant, however, who was in default, the respondent appearing and so requesting, the determination of the trial court was then affirmed as of course and without argument under Rule 33, *supra*. Although there appear to be no decisions in our Reports directly passing upon this particular rule, the practice thereunder has been uniform and as stated.

It is evident that the legislative purpose of that portion

of sec. 3049*a*, Stats., above quoted, is to place a respondent who seeks here to have reviewed other parts or portions of any order, judgment, or record brought here by his opponent's appeal in the same situation, so far as all questions of relief to be afforded him in this court are concerned, as though such respondent were an appellant himself by formal appeal as to such portions of the record in the court below thus sought to be reviewed. Under this statute the original appellant is, as to the matters sought to be reviewed by respondent, "an opposing party" within the plain intent of Rules 32 and 33, *supra.*

While it is apparent that under this section the respondent may obtain a review of the record as to matters of which he complains without any statutory requirement as to the furnishing of an undertaking or bond to secure the opposing party as to costs, yet that cannot properly be held to lessen his rights or minimize his position as against an opposing party. The right to an appeal and the conditions upon which it may be taken are matters entirely within the legislative discretion. *Filer & Stowell Co. v. C., M. & St. P. R. Co.* 161 Wis. 591, 594, 155. N. W. 118; *Harrigan v. Gilchrist,* 121 Wis. 127, 215, 99 N. W. 909, and cases there cited.

We therefore hold that where a party to a record in a court below is brought here by an appeal taken by his opponent, upon giving due notice under the above quoted section of his desire to have specified rulings of the lower court reviewed he is to be considered as an appellant so far as matters he seeks to have reviewed are concerned. Then when a situation arises such as we have before us, of the original appellant failing to appear, and the opposing party, the respondent here, appearing, then, under Rule 32, *supra,* such respondent is entitled, within the discretion of this court, to have, as against the opposing party, the original appellant, so much of the judgment or order so sought to be reviewed by respondent reversed as of course upon the merits and without argument. It is here so ordered.

*By the Court.*—The parts of the order of the circuit court sought to be reviewed by respondent under its notice of April 6, 1920, are reversed, and the cause remanded for further proceedings in accordance herewith.