# CASES DETERMINED

AT THE

# January Term, 1928.

CANNON PRINTING COMPANY, Appellant, vs. GLOBE & RUTGERS FIRE INSURANCE COMPANY, Respondent.

*November 7, 1927—February 7, 1928.*

*Courts: Civil court of Milwaukee county: Appeal: Failure to pay fees within statutory time.*

1. A judgment was rendered in the civil court of Milwaukee county on February 8, 1926, and defendant filed a notice of appeal to the circuit court for that county on February 10, 1926, but the appeal and folio costs were not paid until May 17, 1926, and plaintiff entered a special appearance objecting to the jurisdiction of the court. *Held,* that the record was not properly before the circuit court, since sec. 2, ch. 320, Laws of 1913 (p. 347), providing for appeals, and directing that if the fees on appeal, including an amount sufficient to pay fifty per cent. of the folios contained in the return, be not paid within twenty days from the date of the entry of judgment, the appeal will be deemed dismissed, is mandatory. pp. 3, 4.

2. The provisions of said sec. 2 are self-executing, requiring no formal order for the dismissal of the appeal, which becomes ineffectual and places the appellant in the same situation he would be in if no appeal had been attempted. p. 4.

APPEAL from a judgment in defendant's favor of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Churchill, Bennett & Churchill,* attorneys, and *Richard R. Davis,* of counsel, all of Milwaukee, and oral argument by *Mr. Davis.*

For the respondent the cause was submitted on the brief of *Peter J. Hayes* and *Thomas H. Gill,* both of Milwaukee. The following opinion was filed December 6, 1927:

DOERFLER, J. This action was originally brought in the civil court of Milwaukee county against the defendant to recover damages to an automobile owned by the plaintiff, upon the ground that the automobile, which was stored in a certain garage, had been fraudulently converted by an employee of the garage keeper to his own use and to the use of the keeper. It is also charged in the complaint that the defendant insurance company insured the risk. Upon the trial in the civil court judgment was rendered in plaintiff's favor on the 8th day of February, 1926.

On February 10, 1926, the defendant filed notice of appeal to the circuit court for Milwaukee county and an affidavit of good faith. The appeal and folio costs were not paid until May 17, 1926. When the appeal came on for a hearing in the circuit court the plaintiff entered a special appearance and objected to the jurisdiction of the court for the reason that the costs and folio charges had not been paid within the time provided for by law.

Sec. 2 of ch. 320 of the Laws of 1913 (p. 347), providing for appeals from the civil court to the circuit court for Milwaukee county, among other things provides as follows:

"Provided, that if the fees on appeal, including an amount sufficient to pay for fifty per cent. of the folios contained in the return, as estimated by the clerk upon request of the appellant, be not paid within twenty days from the date of the entry of judgment, the appeal shall be deemed dismissed."

It is conceded that such costs and folio fees were not paid within the twenty days provided for by law, the defendant claiming that such provision is merely directory, the plaintiff claiming that it is mandatory.

The circuit court on December 13, 1910, which was about

three years prior to the enactment of sec. 2, ch. 320, Laws of 1913, adopted certain rules for the speedy hearing of cases appealed from the civil court, and among such rules the following will be found:

"Conforming to the intention of the law that appeals from the civil court to the circuit court should be speedily heard and determined, the following rules are adopted:

"A. Motions and applications for hearing appeals from the civil court shall be made returnable before the calendar judge, whose duty it shall be to forthwith assign said cases for hearing.

"B. Such cases shall have preference over other cases pending before the branch of the court to which the case is assigned.

"C. If such cases are taken under advisement by the trial judge, decision shall be announced within two weeks from the time of submission."

In recent years it has been the established policy of this state to dispatch the trial of cases and to bring them on for hearing and dispose of them at the earliest possible time. Such policy existed at the time of the creation of the civil court, and such policy is manifested not only by the Civil Court Act itself, but by the rules adopted by the circuit court for Milwaukee county. Prior to the enactment of ch. 320 aforesaid, an appellant could frustrate the policy of the state as thus expressed by withholding the payment of the costs and folio charges. It is apparent on the face of said section that the legislature intended to obviate such delays and to create a situation where appeals could be promptly heard and promptly dispatched. The legislature therefore fixed a definite period during which these costs and fees should be paid. If it be held that this section is merely directory and not mandatory, then nothing was accomplished by its enactment, but things would be left substantially in the same form as they were in prior to the enactment of the section. The only way that this section can be made effective

Cannon P. Co. v. Globe & Rutgers F. Ins. Co. 195 Wis. 1.

and made to serve the purpose intended by the legislature is to hold that it is mandatory.

In *Filer & Stowell Co. v. C., M. & St. P. R. Co.* 161 Wis. 591, 155 N. W. 118, it was held: "The right of appeal is wholly statutory and so may be granted upon such terms and with such limitations as the written law may prescribe, and . . . if no such right is given, none exists."

The word "deemed" is defined in 18 Corp. Jur. 451, as meaning "adjudged, judged, considered, decreed, determined, declared." The provisions of sec. 2 are self-executing, requiring no formal order for the dismissal of the appeal. In other words, the attempted appeal becomes ineffectual, and places the appellant in the same situation that he would be in if no appeal had been attempted at all. The record is therefore not properly before the circuit court, and must be returned to the civil court for further proceedings according to law.

*By the Court.*—The judgment of the lower court is reversed, with directions to return the record to the civil court for further proceedings according to law.

A motion for a rehearing was denied, with $25 costs, on February 7, 1928.